JUDGE CROTTY,                    07  CV    4771

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SALVATORE GITTO | ) | |
| AND PHYLLIS GITTO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. _____ |
| vs. | ) | |
| | ) | |
| A.W. CHESTERTON CO., INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

RECEIVED
JUN 0 5 2007
U......S...
CASHIERS

## NOTICE OF REMOVAL OF
## DEFENDANT EATON HYDRAULICS INC.

Defendant Eaton Hydraulics Inc., formerly known as Vickers, Incorporated ("Eaton") hereby notices removal of this civil action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York for the County of New York. Eaton notices this removal pursuant to 28 U.S.C. §1442 (federal officer removal).

**I.    PURSUANT TO 28 U.S.C. § 1446(b), REMOVAL IS TIMELY**

1.    On April 27, 2007, a civil action was commenced against the removing party, Eaton, with the service on Eaton of Plaintiffs' Summons and Complaint ("Complaint"). A true and correct copy of Plaintiffs' Complaint captioned, *Salvatore Gitto, et al. vs. A.W. Chesterton Co., Inc.*, Index No. 07105033 (N.Y. Sup. Ct. 2007), and all process, pleadings, and orders in the State Court Action that have been served upon

Eaton are attached as Exhibit 1 and are being filed with this Notice of Removal as required by 28 U.S.C. § 1446(a).

2.      On or about May 7, 2007, Eaton received from Plaintiffs' counsel Plaintiffs' Answers to Defendants' Fourth Amended Standard Set of Interrogatories and Request for Production of Documents, dated May 4, 2007 and served via regular mail ("Interrogatory Responses"). In these Interrogatory Responses, Plaintiff Salvatore Gitto alleges exposure to Vickers' pumps while serving in the U.S. Navy from 1951 to 1952 and 1954 to 1965 at the Brooklyn Navy Yard aboard several U.S. Navy ships. (Pls.' Interrog. Resps., Chart A.)

3.      At that time, for the first time, Eaton learned from this "other paper" that this case "is one which is or has become removable," 28 U.S.C. § 1446(b), as the actual claims against Eaton and the federal interests and federal defenses that apply to these claims, were identified first in this paper.

4.      Eaton is filing this Notice of Removal within thirty (30) days after receiving this "other paper," as required by 28 U.S.C. § 1446(b). Thus, removal is timely.[1]

5.      Following Eaton's receipt of this "other paper," Plaintiff Salvatore Gitto testified at his deposition on May 16, 2007 that he was exposed to Vickers' pumps and/or

---

[1] Eaton is not required to obtain consent from other Defendants to remove this action on federal officer removal grounds. *See, e.g., Torres v. CBS News*, 854 F. Supp. 245, 246 n.2 (S.D.N.Y. 1994).

valves aboard the following U.S. Navy ships: U.S.S. Hornet (Gitto Dep. 170:25-171:3, May 16, 2007); U.S.S. Franklin D. Roosevelt (*id.* 189:15-190:2, 192:25-193:7); and U.S.S. Lexington (*id.* 270:11-270:14).

## II.    PURSUANT TO 28 U.S.C. § 1442, REMOVAL IS PROPER ON THE GROUNDS THAT THE ACTION IS AGAINST A FEDERAL OFFICER

6.     Removal is proper under 28 U.S.C. § 1442 because this case involves an action against an officer of the United States or a person acting under him. 28 U.S.C. § 1442(a)(1); *Mesa v. California*, 489 U.S. 121 (1989); *Gurda Farms, Inc. v. Monroe County Legal Assistance Corp.*, 358 F. Supp. 841 (S.D.N.Y. 1973).

7.     Federal officer removal is proper where a defendant can (1) establish that it acted under the direction of a federal agency or officer; (2) raise a colorable federal defense; and (3) demonstrate a causal nexus between the federal direction and the conduct in question. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 342 F. Supp. 2d 147, 154 (S.D.N.Y. 2004); *see Pack v. AC & S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993); *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Cal. 1992).

8.     Regarding the first prong of the test, assuming *arguendo* that Eaton manufactured pumps and valves installed aboard these Navy ships, Eaton clearly acted under the direction of a federal officer, because the products it allegedly manufactured (and that Plaintiffs imply they were injured by) were subsystems of ships ordered by the U.S. Navy. Moreover, the design, production, maintenance, and inspection of these Navy ships and their subsystems, as well as the provision of any warnings regarding these

Navy ships, took place under the direct and detailed control of the Secretary of the Navy or his delegee, the Contracting Officer.

9.    As the *Fung* Court pointed out, "[t]his control requirement can be satisfied by strong government intervention and the threat that a defendant will be sued in state court 'based upon actions taken pursuant to federal direction.'" *Fung,* 816 F. Supp. at 572 (quoting *Gulati v. Zuckerman,* 723 F. Supp. 353 (E.D. Pa. 1989)).  Federal officer removal is particularly appropriate when the removing party is subject to "exceedingly complex regulations, guidelines, and evaluation schemes." *Gurda Farms, Inc.*, 358 F. Supp. at 844.

10.    Assuming *arguendo* that the alleged Eaton products aboard the U.S.S. Hornet, U.S.S. Franklin D. Roosevelt, and U.S.S. Lexington did indeed contain asbestos, the use of asbestos was at the U.S. government's command.  Specifically, during the time these U.S. Navy ships were built, and during the time Plaintiff Salvatore Gitto alleges that he worked on these ships, numerous federal military standards governed the use of asbestos in military equipment.  (*See* Declaration of Arthur F. Wardwell (hereinafter "Wardwell Decl.") ¶ 11, attached as Exhibit 2.)  Additionally, at all relevant times, the U.S. Navy mandated the precise specifications for any asbestos warnings or other communications affixed to any equipment, including any Eaton equipment, aboard Navy vessels. (*See* Wardwell Decl. ¶ 12.)

11.    Eaton satisfies the second prong of federal officer removal by presenting colorable federal defenses, including the government contractor defense, derivative sovereign immunity, and the Defense Production Act of 1950 ("DPA").  Under the

government contractor defense, Eaton cannot be liable to a third party in tort if the government approved reasonably precise specifications for the product at issue; Eaton conformed to those specifications; and Eaton warned the government of risks of which the government was unaware. *Boyle*, 487 U.S. at 512.

12.    In this case, the U.S. Navy mandated precise specifications regarding any product installed on these Navy ships; any product manufactured by Eaton conformed to those specifications; and Eaton warned the U.S. Navy of any risks concerning asbestos in such products for which the U.S. Navy was unaware. (*See* Wardwell Decl. ¶¶ 9, 11); *see also In re "Agent Orange" Product Liability Litigation*, 304 F. Supp. 2d 442, 450 (E.D.N.Y. 2004) (government contractor defense is a colorable federal defense).

13.    Eaton also raises derivative sovereign immunity as a colorable federal defense that applies in this case. As a government contractor performing work pursuant to its contract with the U.S. Navy, Eaton is protected from liability under the derivative sovereign immunity doctrine. *Yearsley v. Ross Constr. Co.*, 309 U.S. 18, 20-21 (1940). Eaton's work was performed pursuant to its contract with the Navy, and in accordance with Navy directives and orders, and its work conformed to such contracts and requirements. As such, Eaton cannot be held liable for alleged tort injuries resulting from such actions. *See Yearsley*, 309 U.S. at 20-21; *Myers v. United States*, 323 F.2d 580, 583 (9th Cir. 1963); *Dolphin Gardens, Inc. v. United States*, 243 F. Supp. 824, 827 (D. Conn. 1965).

14.    Furthermore, the DPA serves as a colorable federal defense. (*See* Wardwell Decl. ¶ 10) ("all contracts for products installed on Navy vessels were 'rated' contracts

entered into pursuant to 50 U.S.C. §§ 2061-2171.") The DPA provides that "no person shall be held liable for damages or penalties for any act or failure to act resulting directly or indirectly from compliance with a rule, regulation, or order issued pursuant to this Act." 50 App. U.S.C § 2157; *see Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 945 (E.D.N.Y. 1992) (DPA is a colorable federal defense for the purposes of removal).

15.     Finally, Eaton meets the third prong of the test by showing a direct nexus between the acts it performed under federal direction, *i.e.*, design and manufacture of equipment for the U.S.S. Hornet, U.S.S. Franklin D. Roosevelt, and U.S.S. Lexington, and the injuries alleged by Plaintiffs in the state prosecution. Assuming *arguendo* that the alleged Eaton product aboard these Navy ships contained asbestos, it was at the government's direction. (*See* Wardwell Decl. ¶ 11); *see also Blackman v. Asbestos Defendants (BHC)*, No. C-97-3066, 1997 WL 703773, at *3 (N.D. Cal. Nov. 3, 1997) (requirement of a "causal nexus" satisfied by proof that a contractor is "acting under" a federal officer).

16.     Because of Plaintiffs' sparse pleading, Eaton's defenses should not be addressed on the merits at this time. Rather, at the removal stage, the stated question is not whether a defendant's claimed defense is meritorious, but only whether a colorable claim to such a defense has been made. *Ryan*, 781 F. Supp. at 944; *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996).

## III.    CONCLUSION

For the foregoing reasons, this matter involves claims against federal officers. Thus, this action is removable and should proceed before this Court.

Dated:  New York, New York
        June 5, 2007

                              Respectfully submitted,


                              _____
                              Andrew Sapon, Esq.
                              Bivona & Cohen, P.C.
                              Wall Street Plaza
                              88 Pine Street
                              New York, NY  10005-1886
                              (212) 363-3100 (phone)
                              (212) 363-9824 (fax)

                              **Attorney for Defendant**
                              **Eaton Hydraulics Inc., f/k/a**
                              **Vickers, Incorporated**