Exhibit 1

State of New York - Department of State
Division of Corporations

rty Served:                                    Plaintiff/Petitioner:
ATON HYDRAULICS INC                              GITTO, SALVATORE


E/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK,    NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 04/20/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                              Very truly yours,
                                          Division of Corporations

CC82

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK - - - - - - - - - - - - - - - - - - - -X

SALVATORE GITTO AND PHYLLIS GITTO,

                                        Plaintiffs,

- against -

A.W. CHESTERTON CO., INC.;
AMERICAN STANDARD, INC.,
          individually and on behalf of
          its division The Trane Company;
AURORA PUMP COMPANY;
BLACKMER PUMP;
BUFFALO PUMPS, INC.,
          individually and as a subsidiary of
          Ampco-Pittsburgh Corp.;
CARRIER CORPORATION
          a/k/a Bryant Manufacturing Corporation;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
DUNHAM-BUSH, INC. ;
DURABLA MANUFACTURING COMPANY;
ELLIOTT TURBOMACHINERY CO.;
FAIRBANKS-MORSE PUMP CORPORATION,
          individually and as successor-in-interest to
          Henry Vogt Machine Company, Babcock Power
          Inc., Company, and Pacific Pumps, Inc.;
FLOWSERVE CORPORATION;
FMC CORPORATION
          on behalf of its former Northern Pump Business;
FMC CORPORATION,
on behalf of its former Peerless Pumps;
FOSTER WHEELER ENERGY CORP.;
GARDNER DENVER, INC.;
GARLOCK SEALING TECHNOLOGIES, LLC,
          successor by merger to Garlock, Inc.;
GENERAL ELECTRIC COMPANY;
GENERAL REFRACTORIES, CO.;
GOULDS PUMPS INCORPORATED;
GRISHAM RUSSELL;
HERCULES CHEMICAL COMPANY, INC.;
HOPEMAN BROTHERS, INC.;

Index No. D.7/05033
DOF: 4-13-07

SUMMONS

Plaintiff Designates
NEW YORK COUNTY
as the place for trial

The basis for venue is
defendants' place of business

Plaintiff resides at
324 95th st
Brooklyn, New York  11209

NOT COMPARED
WITH COPY FILE

APR 13 2007

NEW YORK
COUNTY CLERKS OFFICE

HOWDEN BUFFALO INC.,
  individually and as successor-interest-to
   BF Sturtevant, Buffalo Forge and The Howden Group;
IMO INDUSTRIES, INC.,
  as successor-in-interest to and f/k/a Delaval Turbine,
   Transamerica Delaval, IMO Delaval and Enterprise Engine & Foundry Co.;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES COMPANY;
JOHNSTON BOILER CO.;
LESLIE CONTROLS, INC.;
MURPHY BROTHERS WORKS;
PEERLESS INDUSTRIES, COMPANY, INC.;
QUAKER CHEMICAL CORPORATION;
RAPID-AMERICAN CORPORATION
  as successor-in-interest to Phillip
   Carey Manufacturing Corp.;
SELBY BATTERSBY & COMPANY;
STERLING FLUID SYSTEMS USA, LLC,
  formerly known as Peerless Pump Co.;
TACO, INC.;
THE ANCHOR PACKING CO.;
THE NASH ENGINEERING COMPANY;
THE TRANE COMPANY;
TYCO FLOW CONTROL, INC.,
UNION CARBIDE;
UNIROYAL, INC.;
VIACOM INC.,
  successor by merger to CBS Corporation,
   f/k/a Westinghouse Electric Corporation;
VICKERS INC,
  a/k/a Eaton Hydraulics Inc.;
WALTER H. EAGAN CO., INC.;
WARREN PUMPS, INC.;
WEIL PUMP CO.;
YARWAY CORPORATION;

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TO THE ABOVE NAMED DEFENDANTS:

   You are hereby summoned to answer in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete is this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      New York, New York
            April 12, 2007

                          LEVY PHILLIPS & KONIGSBERG, L.L.P.
                          Attorneys for Plaintiffs

                          By:     Carmen V. St. George, Esq.
                                  800 Third Avenue - 13th Floor
                                  New York, New York 10022
                                  (212) 605-6200

Defendants Addresses:

A.W. CHESTERTON CO., INC.                ELLIOTT TURBOMACHINERY CO.
Middlesex Industrial Park                North 4th Street
Rt. 93                                   Jeannette, PA 15644
Stoneham, MA 02180

                                         FMC CORPORATION,
AMERICAN STANDARD, INC.,                 on behalf of its former Northern Pump Business
individually and on behalf of            1735 Market Street
its division The Trane Company;          Philadelphia, PA 19103
One Centennial Avenue
P.O. Box 6820                            FMC CORPORATION,
Piscataway, NJ 08855                     on behalf of its former Peerless Pumps
                                         1735 Market Street
AURORA PUMP COMPANY                      Philadelphia, PA 19103
c/o Karen Carriker
13515 Ballantyne Corporate Place         FLOWSERVE CORPORATION
Charlotte, NC 28277                      5215 N. O'Connor Blvd, Suite 2300
                                         Irving, Texas 75039
BUFFALO PUMPS, INC.
c/o CT Corporation System                FOSTER WHEELER ENERGY CORP.
111 Eighth Avenue                        Perryville Corporate Park
New York, NY 10011                       P.O. Box 4000
                                         Clinton, NJ 08809
CRANE CO.
c/o CT Corporation System                GARLOCK SEALING TECHNOLOGIES, LLC,
111 Eighth Avenue                        successor by merger to Garlock, Inc.
New York, NY 10011                       c/o CT Corporation System
                                         111 Eighth Avenue
CRANE PUMPS & SYSTEMS, INC.              New York, NY 10011
P.O. Box 603
Piqua, OH 45356                          GENERAL ELECTRIC COMPANY
                                         Henry J. King., Jr., Esq./
DUNHAM-BUSH, INC. n/k/a/ FORT            Managing Attorney
KENT HOLDINGS, INC.                      Electric Insurance Company
179 S. Street                            152 Conant Street
West Hartford, CT 06110                  Beverly, MA 01915

GENERAL REFRACTORIES CO.
225 City Avenue
Suite 114
Bala Cynwyd, PA 19004

GRISHAM RUSSELL

HERCULES CHEMICAL CO., INC.
111 South Street
Passaic, NJ 07055

INGERSOLL-RAND COMPANY
200 Chestnut Ridge Road
Woodcliff Lake, New Jersey 07675

J.H. FRANCE REFRACTORIES CO.
P.O. Box 276
895 Clarence Road
Snow Shoe, PA 16874-0276

JOHNSTON BOILERS CO.
300 Pine Street
Ferrysburg, MI 4409

LESLIE CONTROLS, INC.
12501 Telecom Drive
Tampa, Florida 33637

MURPHY BROTHERS WORKS
5311 South 122nd East Avenue
Tulsa, Oklahoma 74146

PEERLESS INDUSTRIES, INC.,
f/d/b/a Peerless Heater Co.
Platinum Corporate Services
c/o Borghese Law Firm
1515 Market Street, 9th Floor
Philadelphia, PA 19102

QUAKER CHEMICAL CORPORATION
c/o CT Corporation
80 State Street
Albany, NY 12207

SELBY BATTERSBY & CO.
c/o Hecker, Brown, Sherry and Johnson
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2769

STERLING FLUID SYSTEMS (USA), LLC
2005 Dr. Martin Luther King Jr. Street
Indianapolis, IN 46202

TACO, INC.
1160 Cranston Street
Cranston, RI 02920

THE ANCHOR PACKING COMPANY
120 East Ave, Suite 101
Rochester, NY 14604-7356

THE NASH ENGINEERING COMPANY
9 Trefoil Drive
Trumbull, CT 06611-1330

THE TRANE COMPANY
One Centennial Avenue
Piscataway, New Jersey 08855

TYCO FLOW CONTROL, INC.,
2405 Maryland Road
Willow Grove, PA 19090

UNION CARBIDE
c/o CT Corporation
111 Eighth Avenue
New York, NY 10011

UNIROYAL, INC.
Attn: Legal Department
70 Great Hill Road
Naugatuck, CT 06770

VIACOM, INC.,
successor by merger to CBS, Corp. f/k/a
Westinghouse Electric Corp.
c/o Asbestos Litigation Support Manager
Eckert Seamans Cherin & Mellott, LLC
Case Management & Technology Center
600 Grant Street, 5th Floor
Pittsburgh, PA 15219

WARREN PUMPS, INC.
82 Bridges Avenue
P.O. Box 969
Warren, MA 01083-0969

YARWAY CORPORATION
2405 Maryland Road
Willow Grove, PA 19090

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------X

SALVATORE GITTO AND PHYLLIS GITTO,                          Index No..
                                                            DOF:
                                    Plaintiffs,

        - against-                                          COMPLAINT


A.W. CHESTERTON CO., INC.;                                  Plaintiff Demands
AMERICAN STANDARD, INC.,                                    A Trial by Jury
        individually and on behalf of
        its division The Trane Company;
AURORA PUMP COMPANY;
BLACKMER PUMP;
BUFFALO PUMPS, INC.,
        individually and as a subsidiary of
        Ampco-Pittsburgh Corp.;
CARRIER CORPORATION
        a/k/a Bryant Manufacturing Corporation;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
DUNHAM-BUSH, INC. ;
DURABLA MANUFACTURING COMPANY;
ELLIOTT TURBOMACHINERY CO.;
FAIRBANKS-MORSE PUMP CORPORATION,
        individually and as successor-in-interest to
        Henry Vogt Machine Company, Babcock Power
        Inc., Company, and Pacific Pumps, Inc.;
FLOWSERVE CORPORATION;
FMC CORPORATION
        on behalf of its former Northern Pump Business;
FMC CORPORATION,
on behalf of its former Peerless Pumps;
FOSTER WHEELER ENERGY CORP.;
GARDNER DENVER, INC.;
GARLOCK SEALING TECHNOLOGIES, LLC,
        successor by merger to Garlock, Inc.;
GENERAL ELECTRIC COMPANY;
GENERAL REFRACTORIES, CO.;
GOULDS PUMPS INCORPORATED;
GRISHAM RUSSELL;
HERCULES CHEMICAL COMPANY, INC.;
HOPEMAN BROTHERS, INC.;
HOWDEN BUFFALO INC.,
        individually and as successor-interest-to
        BF Sturtevant, Buffalo Forge and The Howden Group;

IMO INDUSTRIES, INC.,
    as successor-in-interest to and f/k/a Delaval Turbine,
    Transamerica Delaval, IMO Delaval and Enterprise Engine & Foundry Co.;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES COMPANY;
JOHNSTON BOILER CO.;
LESLIE CONTROLS, INC.;
MURPHY BROTHERS WORKS;
PEERLESS INDUSTRIES, COMPANY, INC.;
QUAKER CHEMICAL CORPORATION;
RAPID-AMERICAN CORPORATION
    as successor-in-interest to Phillip
    Carey Manufacturing Corp.;
SELBY BATTERSBY & COMPANY;
STERLING FLUID SYSTEMS USA, LLC,
    formerly known as Peerless Pump Co.;
TACO, INC.;
THE ANCHOR PACKING CO.;
THE NASH ENGINEERING COMPANY;
THE TRANE COMPANY;
TYCO FLOW CONTROL, INC.,
UNION CARBIDE;
UNIROYAL, INC.;
VIACOM INC.,
    successor by merger to CBS Corporation,
    f/k/a Westinghouse Electric Corporation;
VICKERS INC,
    a/k/a Eaton Hydraulics Inc.;
WALTER H. EAGAN CO., INC.;
WARREN PUMPS, INC.;
WEIL PUMP CO.;
YARWAY CORPORATION;

                     Defendants.

-----------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

    Plaintiffs, by their attorneys, LEVY PHILLIPS & KONIGSBERG, LLP, for their Complaint, respectfully alleges as follows:

    1.     Plaintiffs repeat and re-allege New York Asbestos Litigation Standard Complaint No. 1 as if fully incorporated herein.

    2.     Plaintiffs are citizens of the State of New York.

    3.     Plaintiff, Salvatore Gitto has been diagnosed with mesothelioma and meets the minimum requirement for activation into the active docket pursuant to the Case Management Order governing these actions.

Dated:     New York, New York
           April 12, 2007

                         LEVY PHILLIPS & KONIGSBERG, L.L.P.
                         Attorneys for Plaintiffs

                         By:     Carmen Victoria St. George
                              800 Third Avenue - 13th Floor
                              New York, New York 10022
                              (212) 605-6200



# MAIMONIDES MEDICAL CENTER
### Department of Pathology
4802 Tenth Avenue
Brooklyn, NY 11219
Tel: 718-283-8257 Fax: 718-283-6655

## SURGICAL PATHOLOGY REPORT

| | | |
|---|---|---|
| Patient Name: | **GITTO, SALVATORE** | Accession #: **S07-3341** |
| Med. Rec. #: | 30131098 | Account #: 100400310433 |
| DOB/Age: | 11/5/1932 (Age: 74) | Location: GBW |
| Sex: | M | Ordering Dr: LAZZARO,RICHARD |
| Collection Date/Time: | 3/12/2007 08:55 | Attending Dr: LAZZARO,RICHARD |
| Received Date/Time: | 3/12/2007 08:55 | Copy To: KOPEL,SAMUEL |

**Clinical History**
Pleural effusion, exposure to asbestos

**Specimen(s) Received**
1. Soft Tissue Mass, Biopsy
2. Soft Tissue Mass, Biopsy
3. Soft Tissue Tumor, Extensive Resection

**Pathologic Diagnosis**
1. SOFT TISSUE, "INTRAMUSCULAR", LEFT CHEST, BIOPSY:
   Malignant epithelioid mesothelioma, see note.
   The tumor measures 2.5 cm in largest dimension, involving fibromuscular tissue.

2. SOFT TISSUE, DESIGNATED "ADHERING TO THE 6TH RIB", BIOPSY:
   Malignant epithelioid mesothelioma.

3. SOFT TISSUE, CHEST WALL, DESIGNATED "INTRAMUSCULAR", EXCISIONAL BIOPSY:
   Malignant epithelioid mesothelioma, 5.5 cm in largest dimension.
   Inked soft tissue resection margin are negative, tumor is 0.1 cm away from the margin.

Note:
Immunohistochemical analysis revealed that the tumor cells are positive for calretinin, AE 1/AE 3, thrombomodulin, and negative for TTF-1. This immuno profile supports the diagnosis of mesothelioma.

Intradepartmental review.
Discussed with Drs. Kopel and Lazzaro.

dyy/3/15/2007

Pathologist: Yin, Diana Yongmei MD.
This is to certify that the pathologist whose name appears above reviewed the gross findings, read the slides, if any, and rendered the final diagnosis.
***Electronically Signed By***
Yin, Diana Yongmei MD
3/28/2007 12:09

**Intraoperative Consult Diagnosis**
1. soft tissue tumor (intramuscular), excision:spindle cell tumor with focal squamous differentiation, favor squamous carcinoma.
2. soft tissue tumor adherent to 6" rib excision:spindle cell tumor with focal squamous differentiation, favors . squamous carcinoma
frozen section diagnosis rendered by Dr. Huang . on March 12, 2007

**CPT Code(s):** 1: 88307
1,2: 88331(2)
2: 88307
3: 88309

GITTO, SALVATORE          SURGICAL PATHOLOGY REPORT                    S07-3341

**Gross Description**
1. Received fresh designated "Soft Tissue Tumor (intramuscular)" is a portion of soft tissue measuring 2.5 x 1.5 x 1.0 cm. The margins are inked. On section is grey tan and firm. Representative sections are submitted in three cassettes as follows: PA-frozen section, B-C-remaining tissue.

2. Received fresh designated "Soft Tissue Tumor, Adherent to 8th Rib" is a fragment of tan soft tissue measuring 1 x 0.4 x 0.2 cm entire. Entire specimen is submitted in one cassette as frozen section.

3. Received fresh designated "Chest Wall Tumor (intramuscular)" is a fragment of soft tissue with fascia and muscle s, measuring 5.5 x 2.0 x 1.0 cm. The margins are inked. On sectioning, it shows a tan white, nodular and firm tumor mass measuring 4.5 cm in greatest dimension. It is very close to one of the inked margins. Representative sections are submitted in five cassettes.

pa/3/12/2007                                              Khanum, Zubaida

**Previous Case Number(s):**
S06-6558
C06-450

**Procedures/Addenda**
Immunohistochemistry                                    Completed by: Harris Suellen

**Results-Comments**

## IMMUNOHISTOCHEMISTRY ANALYSIS

| Antibody/Tests | Marker For | Results |
|---|---|---|
| AE-1/AE-3 | Keratins: 40, 48, 50, 52, 54, 56.5, 58, 59, 64, 65, 67 | Positive |
| Ber-EP4 | Epithelial Antigen, Adenocarcinomas | Negative |
| CALRETININ | Ca-Binding Protein, Mesothelial Cells, Sex Cord Stromal Tumor | Positive |
| MOC-31 | Epithelial Cells, Adenocarcinoma | Focally Positive (Weak) |
| WT-1 | Mesothelial & Mullerian Tumors, DSRCT | Negative |
| CEA(P) | Carcinoembryonic Antigen (Polyclonal), Adenocarcinomas | negative |
| TIF-1 | Thyroid Transcription Factor-1, Lung & Thyroid Carcinomas | Negative |
| DESMIN | Muscle, Desmoplastic Small Round Cell Tumor | Negative |
| P63 | Prostatic basal cells, breast, myoepithelial cells, squamo. s Carcinoma | Rare cell positive |
| CAM5.2 | Keratin: 39, 43, 48, 50, 50.5 kD | Positive |
| THROMBOMODULIN | Mesothelioma, Mesothelial Cells | Positive |
| CK7 | Keratins: 54 kD, Subst of Carcinomas (CV-TL 12/30) | Positive |
| CK20 | Keratin: 39, 43, 48, 50, 50.6 kD | Negative |
| B72.3 | Simple Epithelial Adenocarcinoma | Negative |

**Immunohistochemistry analysis performed by Genzyme Laboratories**

Pathologist: Yin, Diana Yongmei MD
** Electronically Signed By **
Yin, Diana Yongmei MD
3/29/2007 12:12

GITTO, SALVATORE          SURGICAL PATHOLOGY REPORT                    S07-3341

SCANNED

LEVY, PHILLIPS & KONIGSBERG, LLP
ATTORNEYS AT LAW
800 THIRD AVENUE
NEW YORK, N. Y. 10022

(212) 605-6200
FAX: (212) 605-6290
E-MAIL: lpk@lpklaw.com
Writer's Direct E-Mail cdonaldson@lpklaw.com

NEW JERSEY OFFICE
AKERBRIDGE EXECUTIVE CENTER
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

GOSHEN OFFICE
42 PARK PLACE
GOSHEN, NEW YORK 10924
TELEPHONE: (845) 294-2002

May 4, 2007

To: All Counsel

Re: Salvatore Gitto
**November 2007 Extremis Trial Cluster**

Dear Counsel:

Enclosed please find Plaintiff's Answers To Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents for plaintiff, Salvatore Gitto, along with a copy of his pathology report from Mamonides Medical Center dated March 12, 2007 diagnosing his mesothelioma.

Very truly yours,

LEVY PHILLIPS & KONIGSBERG, LLP

By: Corrinne Donaldson
*Legal Assistant*

:cd
Enclosures

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
--------------------------------------------------------X

                                          NYCAL

In Re:       NEW YORK CITY
               ASBESTOS LITIGATION

--------------------------------------------------------X     **PLAINTIFF'S ANSWERS TO**
                                    **DEFENDANTS' FOURTH**
This Document Applies to:      **AMENDED STANDARD SET OF**
                                    **INTERROGATORIES AND**
                                    **REQUEST FOR PRODUCTION**
**SALVATORE GITTO**      07/105033     **OF DOCUMENTS**
--------------------------------------------------------X

00091612.WPD

VY PHILLIPS &
IGSBERG, LL_P.

LEVY, PHILLIPS & KONIGSBERG, LLP
ATTORNEYS AT LAW
800 THIRD AVENUE
NEW YORK, N. Y. 10022
———
(212) 605-6200
FAX: (212) 605-6290
E-MAIL: lpk@lpklaw.com
Writer's Direct E-Mail cdonaldson@lpklaw.com

NEW JERSEY OFFICE
KERBRIDGE EXECUTIVE CENTER
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

GOSHEN OFFICE
42 PARK PLACE
GOSHEN, NEW YORK 10924
———
TELEPHONE: (845) 294-2002

May 4, 2007

To: All Counsel

Re: Salvatore Gitto
November 2007 Extremis Trial Cluster

Dear Counsel:

Enclosed please find Plaintiff's Answers To Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents for plaintiff, Salvatore Gitto, along with a copy of his pathology report from Mamonides Medical Center dated March 12, 2007 diagnosing his mesothelioma.

Very truly yours,

LEVY PHILLIPS & KONIGSBERG, LLP

By: Corrinne Donaldson
*Legal Assistant*

:cd
Enclosures

00092692.WPD

## GENERAL OBJECTION

Plaintiff objects to these discovery requests to the extent they seek information protected as attorney-client privilege and/or work product doctrine. Finally, plaintiff objects to any discovery request that may be construed as requesting production of Proof of Claim Forms (POCs) and/or other documents reflecting communications between plaintiff and any settlement trust or any other entity made solely for purposes of settlement. See CPLR § 4547.

00091612.WPD

2

i.      specific physical problems;

ii.     date and place of death;

iii.    age and cause of death for each parent.


A.2.    (a)     Mother: Mary Gitto          Father: Salvatore Gitto

        (b)     Mother: Deceased

                Father: Deceased

        (c)     Mother: deceased.

                Father: deceased.

                (i)     Mother: unknown      Father: Colon cancer.

                (ii)    Father: Date unknown; 1258 72nd Street, Brooklyn, NY

                        Mother: Date unknown; 1258 72nd Street, Brooklyn, NY

                (iii)   Mother: Approximately 91yrs old; natural causes.

                        Father: Approximately 80 years old; colon cancer.


3.      State the following with regard to each of your children:

        (a)     full name;

        (b)     the date of birth;

        (c)     sex;

        (d)     current address (if deceased, state the last known address);

        (e)     social security number;

        (f)     whether birth child or adopted child;

## INTERROGATORIES

1.     State the following:

    (a)    your full name, and all other names by which you have been known;

    (b)    age, and date and place of birth;

    (c)    whether you were an adopted child;

    (d)    present marital status, date of current marriage, spouse's maiden name, dates of any prior marriages and the names of any prior spouses, if applicable;

    (e)    present home address; and

    (f)    social security number.


A.1.    (a)    Salvatore Gitto.

    (b)    74; November 5, 1932, Brooklyn, New York.

    (c)    No.

    (d)    Married; January 30, 1954, Phyllis Volz.

    (e)    324 95th Street, Brooklyn, NY 11209.

    (f)    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.


2.     State the following with regard to your father and mother:

    (a)    names;

    (b)    current address (if deceased, state last known address);

    (c)    the current condition of each one's health, including any specific medical problems.  If either of your parents are deceased, please state for each deceased parent:

(g)    current state of each one's health.  If any of your children are deceased, state for each deceased child:

        i.    specific physical problems;

        ii.    date and place of death; and

        iii.    age and cause of death for each child.


A.3.I.    (a)    Stephen Gitto.

        (b)    October 2, 1955.

        (c)    Male.

        (d)    166 Celler Avenue, New Hyde Park, NY 11040

        (e)    To be provided.

        (f)    Birth child.

        (g)    Good health.


A.3.II.    (a)    Gregory Gitto.

        (b)    April 5, 1959.

        (c)    Male.

        (d)    12 Grant Way, Phillipsburg, NJ 08856.

        (e)    To be provided.

        (f)    Birth child.

        (g)    Good health.

A.3.II.     (a)     Rosemary Conroy.

         (b)     April 21, 1963

         (c)     Female.

         (d)     170 Poor Farm Road, Weare, NH 03281.

         (e)     To be provided.

         (f)     Birth child.

         (g)     Good health.

4.     State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:

         (a)     fuel use for heating and cooking;

         (b)     significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);

         (c)     number of family units co-occupying said structure.

A.4.I.     1230 73rd Street, Brooklyn NY.

        Approximately 1932 - 1945.

         (a)     Heating: Coal;      Cooking: gas.

         (b)     None.

         (c)     Two family home.

A.4.II.     1258 72nd Street, Brooklyn, NY.

        Approximately 1945 - 1953.

      (a)      Heating: oil          Cooking: gas.

      (b)      Some minor remodeling.

      (c)      Two family home.

A.4.III      324 95th Street, Brooklyn, NY.

      Approximately 1953 - 1962.

      (a)      Heating: oil          Cooking: gas.

      (b)      None.

      (c)      Single family home.

A.4.IV.      340 95th Street, Brooklyn, NY.

      Approximately 1962 - 1988.

      (a)      Heating: oil          Cooking: gas.

      (b)      Remodeled kitchen, bathroom, walls and ceilings.

      (c)      Single family home.

A.4.V.      324 95th Street, Brooklyn, NY.

      Approximately 1988 - present.

      (a)      Heating: oil          Cooking: gas

      (b)      Replaced kitchen and bathroom.

      (c)      Single family home.

5.    For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please

state the following separately as to each:

    (a)    name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and services;

    (b)    date(s) of test, examination and/or treatment;

    (c)    symptoms complained of at the time, if any;

    (d)    any diagnosis made;

    (e)    treatment or examination given and reason for treatment or examination; and

    (f)    any drugs or medications prescribed.

A.5.    At the present time, although it is possible that plaintiff consulted other doctors, nurses and health care providers, plaintiff recalls the following names, dates and treatments:

A.5.I.    (a)    Dr. Richard Lazzaro, Thoracic Surgeon.

    Maimonides Medical Center

    4802 Tenth Avenue, Brooklyn, NY 11219

    (b)    Approximately March 2007 to present.

    (c)    See medical records.

    (d)    Mesothelioma; see medical records.

    (e)    See medical records.

    (f)    See medical records.

A.5.II.  (a)  Dr. Samuel Kopel, Oncologist.

Maimonides Cancer Center

6300 8th Avenue, Brooklyn NY 11220.

(b)  Approximately March 2007 - present.

(c)  Mesothelioma; see medical records.

(d)  See medical records.

(e)  Chemotherapy; see medical records;.

(f)  See medical records.


A.5.III.  (a)  Dr. James Butler, Radiologist.

Maimonides Cancer Center

6300 8th Avenue, Brooklyn NY 11220.

(b)  Approximately March 2007.

(c)  See medical records.

(d)  See medical records.

(e)  See medical records;

(f)  See medical records.


A.5.IV.  (a)  Dr. William Merritt, Physician.

Hamilton Medical Associates

369 93rd Street, Brooklyn, NY.

(b)  Approximately 1997 to present.

(c)  See medical records.

    (d)     See medical records.

    (e)     See medical records;.

    (f)     See medical records.

A.5.IV.    (a)     Dr. Jacob Groopan, Pulmonary.

                953 49th Street, Suite 511, Brooklyn, NY 11219.

    (b)     Approximately 2006 - present.

    (c)     See medical records.

    (d)     See medical records.

    (e)     See medical records;.

    (f)     See medical records.

A.5.V.    (a)     Dr. Daniel Zanger, Cardiologist.

                Cross County Medical, P.C.

                1262 Ocean Parkway, Brooklyn, NY 11230.

    (b)     Approximately May 2006.

    (c)     See medical records.

    (d)     See medical records.

    (e)     See medical records;.

    (f)     See medical records.

A.5.VI.    (a)     Dr. Israel J. Jacobowitz, Cardiac Surgeon.

                Maimonides Medical Center

New York Cardiothorasic Surgeons, P.C.

984 50th Street, Brooklyn, NY 11219

(b)    Approximately May 2006.

(c)    Bypass surgery; see medical records.

(d)    See medical records.

(e)    See medical records;.

(f)    See medical records.

A.5.VI.    (a)    Dr. Harry Herr, Urologist.

Memorial Sloan-Kettering Hospital

633 Third Avenue, 11th Floor, New York, NY 10017.

(b)    Approximately 1998.

(c)    See medical records.

(d)    Prostate cancer; see medical records.

(e)    See medical records.

(f)    See medical records.

A.5.VI.    (a)    Dr. Lazlo Biro, Dermatologist.

Bay Ridge Skin and Cancer Center

9921 4th Avenue, Brooklyn, NY 11209

(b)    Approximately 2002.

(c)    See medical records.

(d)    Melanoma; see medical records.

(e) — See medical records;.

(f) See medical records.

6. For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out-patient," please state the following for each such visit:

(a) name and address of the facility;

(b) dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and

(c) reason for visit to the facility.

A.6. At the present time, although it is possible that plaintiff may have been treated or examined in other hospitals and health institutions, plaintiff recalls the following:

A.6.I. (a) Maimonides Medical Center.

4802 Tenth Avenue, Brooklyn, NY 11219

(b) Approximately March 2006 to present

(c) Biopsy; see medical records.

A.6.II. (a) Memorial Sloan-Kettering Hospital

633 Third Avenue, 11th Floor, New York, NY 10017

(b) Approximately 1988

(c) Prostate cancer; see medical records.

A.6.III.    (a)    Victory Memorial Hospital

699 92nd Street, Brooklyn, NY 11228.

(b)    Approximately 1988

(c)    Prostate cancer; see medical records.


7.    State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.


A.7.    Plaintiff has sustained a number of asbestos-related injuries, including, but not limited to mesothelioma, pain and suffering, mental and emotional distress, shortness of breath, coughing, weight loss, nausea, loss of appetite, difficulty breathing, chest pain, fatigue, respiratory discomfort and pain, sputum production and related sequelae.  As indicated in plaintiff's medical records, at various and numerous times, plaintiff has experienced a variety of different and differing symptoms related to his injuries, which are numerous and frequent. At this time, plaintiff is unable to state the precise date of the various symptoms might have first occurred. See medical records for date of diagnosis and name of diagnosing physician.

8.      Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical conditions, including the date and basis therefore.

A.8.    Plaintiff has experienced shortness of breath, coughing, weight loss, loss of appetite, chest pain, respiratory discomfort and pain, difficulty breathing, and fatigue, among other things.  Plaintiff's asbestos-related condition has totally disrupted his life, totally limited him in his everyday activities, interfered with his living a normal life, caused him fear, emotional distress, pain, suffering, discomfort, and inconvenience.  His ability to do any tasks that require any physical exertion such as playing racquet ball, bowling, operating his consulting business, exercising, walking and everyday chores around the house has been extensively diminished.

9.      Have you ever had any biopsies or tissue samples taken?  If so, please state for each such procedure:

    (a)     the name of the physician performing such procedure;

    (b)     the address where such procedure was performed;

    (c)     the date when such procedure was performed; and

    (d)     the results, conclusions, and/or diagnosis arising from such procedure.

A.9.I.  (a)     Dr. Richard Lazzaro, Surgeon.

    (b)     Maimonides Medical Center.

4802 Tenth Avenue, Brooklyn, NY 11219.

(c)    March 2007; see medical records.

(d)    Mesothelioma.

10.    Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests?
If so, state:

(a)    the dates and places;

(b)    the reasons;

(c)    the results and/or diagnosis resulting therefrom;

(d)    the location of all chest X-ray films and CT Scans; and

(e)    provide appropriate authorization to obtain all X-rays, CT Scans and
pulmonary function tests.

A.10.I.    (a)    Plaintiff has had x-rays taken at Maimonides Medical Center, but

medical records may or may not reflect others.

(b)    See medical records.

(c)    See medical records.

(d)    Chest x-ray films and CT Scans should be in the possession of the

respective doctors and hospitals.

(e)    Authorizations have been provided to RecordTrak.

11.    Have you ever been exposed to, used, inhaled or ingested any of the following
substances on a regular basis or at work. If so, state the date(s), place(s), and circumstances

thereof.

    (a)     acids

    (b)     aluminum

    (c)     arsenic

    (d)     barium

    (e)     beryllium

    (f)     butanol

    (g)     cadmium

    (h)     carborundum

    (i)     chloroethylene

    (j)     chlorine

    (k)     chromate

    (l)     chromite

    (m)     chromium

    (n)     coal dust (coal)

    (o)     coal tar

    (p)     cotton dust

    (q)     epoxy

    (r)     ethanol

    (s)     grinding dust

    (t)     iron

    (u)     isocyanates

(v)    isopropanol

(w)    lead

(x)    live chickens

(y)    manganese

(z)    nickel

(aa)    nitrogen dioxide

(ab)    nuclear radiation

(ac)    ozone

(ad)    petroleum distillates

(ae)    phosgene

(af)    radiation

(ag)    silica

(ah)    titanium

(ai)    toluene

(aj)    welding smoke or fumes

(ak)    zylene

(al)    zinc.

A.11.  Plaintiff was not exposed to the above substances on a regular basis.


12.    Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, from birth to the present time?  If so, state the following:

(a)     the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco);

(b)     the dates during which you used each such product;

(c)     the amount of the product used per day, during each period of time (e.g., 2 packs of cigarettes per day);

(d)     whether you have ever been told by a physician that you are or were suffering from any disease or illness caused by or contributed to by tobacco; and

(e)     whether you were ever advised by any physician or any other person that use of tobacco products could adversely affect your health and whether you were ever advised to stop using tobacco products, and if so, identify each physician or person who gave you any such advice, the dates on which the advice was given, and state exactly what, if anything, you did in response to that advice.

A.12.I.     Yes.

(a)     Chesterfield unfiltered.

(b)     1954 – 1955.

(c)     Less than 1 pack per day.

(d)     No.

(e)     No.

A.12.II.     Yes.

(a)     Kent filtered.

(b)     1954 - 1955.

(c)     Less than one pack per day.

(d)     No.

(e)     No.

13.     For each spouse and member of your household, from your birth to the present time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:

(a)     the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and

(b)     the dates during which they used each such product.

A.13.I.  Yes, father.

(a)     cigars.

(b)     Approximately birth to 1952.

14.     Do you presently consume or have you in the past consumed alcoholic beverages.  If so, state the following:

(a)     the type of alcoholic beverages consumed;

(b)     the dates during which you consumed each such alcoholic beverage;

(c)     the amount of such beverage you consumed each day; and

(d)     whether you have ever been treated for any illness or disease related to

your consumption of alcoholic beverages.

A.14.   Plaintiff may have had a beer or wine socially on occasion but not on a regular basis.

15.   Have you ever been a member of the Armed Forces of the United States?  If so, state the following:

(a)   the branch of the service, serial number, and highest rank held;

(b)   the beginning and ending dates of your military service;

(c)   the type of discharge that you received; and

(d)   whether you sustained any injuries or incurred any illness during military service.

(e)   if you received a medical discharge, attach a copy hereto and set forth the medical reasons.

AI. 15.   Yes

(a)   Army, Corporal; US51210816

(b)   December 1952 - December 1954.

(c)   Honorable.

(d)   No.

(e)   No.

16.   As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following:

(Use attached Chart A)

Include on the Chart all employers where you have worked, and all job sites, regardless of whether or not you believe you were exposed to asbestos during the employment. Also, include the source of any product identification information provided on Chart A.

A. 16. See Chart A.

17.    Please state the following with respect to each asbestos-containing product identified on Chart A:

(a)    the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;

(b)    the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight; and

(c)    the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container.

A. 17. (a)    The asbestos-containing products identified in Chart A were varied in color, dimension, shape, form, texture, weight, appearance and/or flexibility. Further information may be provided in response to questioning at deposition.

(b)    To the extent that the asbestos-containing products identified in Chart A came packaged, such packaging varied in appearance, size, dimension, color and/or weight. Further information may be provided in response to questioning at deposition.

(c)    To the extent that the asbestos-containing products identified in Chart A

came packaged, such packaging may have contained various markings including the manufacturer or trade name of the product. In addition, the product itself may have also contained various markings. Plaintiff never personally observed any warnings about asbestos on product packaging or on the asbestos-containing products themselves. Further information may be provided in response to questioning at deposition.

18.    If you have retired from your employment, set forth the following:

    (a)    whether said retirement was voluntary or involuntary;

    (b)    the effective date of said retirement;

    (c)    the name of your employer at the time of retirement;

    (d)    the reason for your retirement;

    (e)    whether your retirement was related to any claimed asbestos-related injury; and

    (f)    the amount of pension and/or retirement benefits you are receiving or entitled to receive.

A.18.I (a)    Voluntary.

    (b)    1998.

    (c)    MTA, New York City Transit.

    (d)    Retirement eligibility.

    (e)    No.

    (f)    Approximately $11,000.00 per year.

19.    State whether you were exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's asbestos-containing materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity. If so, state the following:

    (a)    As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following, concerning Bankrupt Entities' products only:

        i.    Name of Employer;

        ii.    Dates of employment;

        iii.    Asbestos-related job site and address where Bankrupt Entity's products were being used;

        iv.    Dates you were at the job site;

        v.    Job duties at the particular job site;

        vi.    Bankrupt Entity's asbestos-containing materials or products to which you were exposed.

        vii.    Other companies using Bankrupt Entity's asbestos-containing materials or products at the jobsite; and

        viii.    Whether you received any warnings with respect to the use of said product and the nature of those warnings.

    (b)    If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:

        i.    the date, location and circumstances; and

      ii.    the type of product and the name of the manufacturer, distributor, and miner.

A.19.  Subject to the foregoing general objection, plaintiff responds as follows:

     See plaintiff's attached "Chart A"

20.    If you were exposed to, used, ingested or inhaled asbestos or asbestos-containing products at any time other than in the scope of your employment, state for each such exposure:

    (a)    the date, location and circumstances; and

    (b)    the type of product and the name of the manufacturer, distributor, and miner.

A.20.  Plaintiff does not recall being exposed to asbestos or asbestos containing products outside the scope of his employment.

21.    Have you ever been a member of any labor union? If so, state:

    (a)    the name and address of each local, national and international labor union;

    (b)    the inclusive dates of your membership; and

    (c)    any positions you have held with each such labor union, and the dates during which you held such positions.

A.21.  No.


22.    State whether you have ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos or asbestos-containing products, and if so, identify:

    (a)    each such warning, directive, notification, direction, instruction, or information;

    (b)    the means by which such was given to you;

    (c)    the source and the date on which it was received by you; and

    (d)    your response or reaction, including any complaints made or changes in work habits.


A.22.  No.

    (a)    Warned of dangers of exposure to asbestos and paper masks were made available.

    (b)    Safety meeting.

    (c)    Approximately 1989; Supervisor.

    (d)    Wore paper masks.

23.    State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:

(a)    the period of time during which said items were available;

(b)    what instructions were given with regard to the use of each of said items;

(c)    whether you used said items and the dates of your use;

(d)    whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

A.23.   No masks were available.

24.    If you are making a claim for loss of earnings or impairment of earning power because of your medical conditions, state the following:

(a)    date of commencement of any loss or impairment;

(b)    the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;

(c)    if you had more than one employer during the three year period prior to the date of the commencement of any loss or impairment, as indicated on Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;

(d)    your total earnings for the period of three years prior to the commencement of any loss or impairment;

(e)    the inclusive dates during which you allege that you were unable to work as a result of any loss or impairment and the total amount of pay you claim you lost because of this absence;

(f)      the date on which any loss or impairment ended; and

(g)      your monthly or weekly rate of pay which you have received, from the date of any loss or impairment ended through the present time.

A.24.  Plaintiff does not assert a claim for loss earnings at this time.

25.     Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment?  If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

A.25.  Plaintiff's spouse, Phyllis Gitto, does assert a claim for loss of consortium, society, affection, services, and sexual enjoyment. This claim is based upon the deleterious effect of asbestos exposure on the health and well being of Salvatore Gitto and its effect on his ability to provide companionship, love, affection, and services to his wife.

26.     For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:

(a) the name, address, sex, age  and  relationship; and

(b)  the amounts you contributed during the last ten years for support and assistance.

A.26I

(a).      Phyllis Gitto, 324 95th Street, Brooklyn NY 11209; female, 73yrs. old;

PHILLIPS &

wife;

    (b)    Total Support.

27.    State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due and, if paid, by whom each item of expense was paid.

A.27.    To be provided.

28.    Identify and give the substance of all written statements, recordings, or videotapes which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any witness (provided such information is in plaintiff's possession, custody or control and/or such statements, recordings or videotapes are not protected by the attorney-client privilege) in the above-captioned matter.

A. 28.    None.

29.    Have you ever made any claim for, or received any, health or accident insurance benefits, social security benefits, state or federal benefits for disabilities, workers' compensation benefits, veterans' benefits, tort claims or suits, Federal Employers Liability Act claims or suits, Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance benefits, or early payment from any public or private pensions due to

00091612.WPD

disability or your medical condition?  If so, state the following:

    (a)    the date and place where each such claim was made;

    (b)    the name and nature of the entity with which the claim was made;

    (c)    any identifying number, such as a docket or petition number, for each claim;

    (d)    the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

    (e)    the nature of the claim;

    (f)    whether you were examined by a physician and if so, the name and address of that physician;

    (g)    the result of such claim, including the amount realized by way of settlement, judgment or award upon the claim;

    (h)    the name and address of any attorney who represented you with regard to such claims; and

    (i)    whether you are presently receiving such benefits.

A.29.I. (a)    1997; Brooklyn, NY.

    (b)    Social Security Benefit Office.

    (c)    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.

    (d)    Social Security Administration.

    (e)    Social Security.

    (f)    No.

(g)    $569.00 monthly.

(h)    Not applicable.

(i)    Yes.

30.    State the following with regard to your asbestos-related legal action:

(a)    Did you file an asbestos-related claim in more than one (1) jurisdiction;

(b)    Identify all of the jurisdiction(s) where an asbestos-related claim has been filed (whether or not these claims have been dismissed or discontinued or otherwise resolved) on your behalf;

(c)    Did you file your asbestos-related claim(s) under more than one (1) Index Number; and

(d)    Provide all of the Index Numbers for all of your asbestos-related claim(s), including all multiple Index Numbers for Claims filed in New York County.

A.30.    Subject to the foregoing general objection, plaintiff responds as follows:

(a)    No.

(b)    New York County.

(c)    No.

(d)    Index # 07/105033 .

31.    State whether or not you have made, filed, or submitted a Claim Against Bankrupt

Entity or received funds in settled from a Bankrupt Entity. If so, for each claim state the following:

   (a)   the date and place where each such claim was made;

   (b)   the name and nature of the entity with which the claim was made;

   (c)   any identifying number, such as a docket or petition number, for each claim;

   (d)   the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

   (e)   the nature of the claim;

   (f)   whether you were examined by a physician and if so, the name and address of that physician; and

   (g)   whether you received any compensation as a result of such claim, but not the amount.


A.31.      Subject to the foregoing general objection, plaintiff responds as follows: No.


32.   State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.


A.32   Subject to the foregoing general objection, plaintiff responds as follows:

As of the present time, plaintiff has neither applied to any Bankrupt Entity or Bankruptcy Court to lift the stay nor otherwise attempted to join a Bankrupt Entity to this action because any such action would be contrary to federal law which provides that plaintiff is barred from proceeding against any Bankrupt Entities in this action. Further, any such action would force the Bankrupt Estate or Settlement Trust to unnecessarily incur litigation costs, thereby causing an unnecessary drain on trust assets that are designed to benefit asbestos victims.

33.   Have you or your spouse ever been a party to or a witness in any lawsuit, court or administrative proceeding?  If so, please state:

(a)   whether you or your spouse were a party or witness and if party, whether plaintiff or defendant;

(b)   the precise name of the lawsuit or proceeding, the court agency in which it was brought and the docket number;

(c)   the nature of the charges or claims and, if you or your spouse were a witness, the subject matter of the testimony; and

(d)  the disposition of the case.

A.33.  Yes.

(a)   Wife plaintiff, husband witness.

(b)   Gitto v. The Town of East Hampton; Supreme Court of Suffolk County, Index No.: 28044/99.

(c)    Slip and fall; witness to incident.

(d)    Settled.

34.    Have you or your spouse filed a claim seeking compensation for any alleged asbestos-related condition from any entity, including settlement trusts?  Specify "Yes" or "No" only.

A.34.   Other than the present lawsuit, no.

35.    Identify all entities, whether or not parties to this lawsuit, with whom you have settled or agreed to settle this lawsuit.

A. 35.   Settlements are ongoing. A list will be provided of all defendants not dismissed by Summary Judgement or otherwise immediately prior to trial.

36    Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

A.36.    Myself.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to paragraph 19 of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below. The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed.

You are hereby requested to produce the following documents and things:

1.    All documents identified in your answers to these interrogatories.

R.1.    Such documents will be produced, to the extent required by the relevant rules.

2.    All documents relating to the plaintiff's job qualifications and professional licenses held.

R.2.    If any such documents are located in plaintiff's possession, they will be produced.

3.    All documents relating to the plaintiff's membership in any labor trade association or professional organization.

R.3.    Not applicable.

4.    All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualifications, promotions, reductions or disciplinary actions.

R.4.    Authorizations have been provided to Recordtrak, 651 Allendale Road, King of Prussia, PA 19406.

5.    All documents relating to any claim or demand ever made by the plaintiff for damages, compensation or other benefits allegedly resulting from any illness or injury,

including but not limited to, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

R.5.    To be provided if located.

6.    All documents in plaintiff's possession, custody or control relating in any way to the plaintiff's exposure or possible exposure to asbestos, asbestos-containing products and/or asbestos-containing materials.

R.6.    At this time, plaintiff has no such documents in his personal possession.

7.    All documents in plaintiff's possession, custody or control relating in any way to the plaintiff's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromate, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

R.7.    At this time, plaintiff has no such documents in his personal possession.

8.    All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, asbestos-containing products, and/or asbestos-containing materials.

R.8.    At this time, plaintiff has no such documents in his personal possession.

9.    All applications prepared or submitted by or on behalf of the plaintiff for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

R.9.    At this time, plaintiff has no such documents in his personal possession.

10.    All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of,

or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, asbestos-containing products and/or asbestos-containing materials or any other issues relating to this lawsuit except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established, and attorney work product, need not be produced or identified.

    R.10.   Objection. Attorney/client privilege; work product privilege.

    11.   All records in plaintiff's possession, custody or control relating to comments, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees or union members regarding asbestos exposure.

    R.11.   At this time, plaintiff has no such documents in his personal possession.

    12.   All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel made after an attorney-client relationship has been established and attorney work product need not be produced or identified.

    R.12.   Objection. Attorney/client privilege; work product privilege.

    13.   All photographs of the plaintiff at work or in work clothes and all photographs of all products or conditions complained of in the plaintiff's place of employment.

    R.13.   At this time, plaintiff has no such photographs in his personal possession.

14.    Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

R.14.    See A.27.  Bills to be provided if located.

15.    Copies of all reports, correspondence and records from any doctor who has examined the plaintiff, any hospital where the plaintiff has been treated either as an inpatient or as an outpatient, except for any reports, records, correspondence, or communications issued by any consulting physicians who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as a witness at trial.

R.15.    Medical authorizations have been provided to RecordTrak, 651 Allendale Road, King of Prussia, PA 19406.

16.    All tissue specimens, tissue slides, and x-ray films and CT scans pertaining to the plaintiff.

R.16.    See Answer R.15.

17.    Copies of plaintiff's income tax returns for the last ten years of plaintiff's employment and up to the current year as well as any other documents, including economic loss reports, upon which plaintiff relies in support of his claims.  If loss of earnings or earning capacity is alleged or claimed to have occurred before the current year, include copies of the income tax returns of the plaintiff from ten years prior to the claimed loss and up to the current tax year.

R.17.    Authorizations have been provided to RecordTrak, 651 Allendale Road, King of Prussia, PA 19406.

18.    Any asbestos and/or asbestos-containing products or product packaging of the

type to which the plaintiff alleges exposure and which the plaintiff has in his possession, custody or control.

R.18.   At this time, plaintiff has no such products in his personal possession.

19.     All photographs, charts, drawing, diagrams or other graphic representations depicting work conditions at work sites where the plaintiff claims the plaintiff was exposed to asbestos or asbestos-containing products.

R.19.   To be produced if located.

20.     All invoices, bills, statements and any other writings or records which the plaintiff contends evidence the sale of any products containing asbestos to the place of the plaintiff's employment at which plaintiff claims that plaintiff was exposed to asbestos. This does not include documents in the possession, custody or control of plaintiff's attorney unless such documents were provided by plaintiff to his/her attorney and are not privileged.

R.20.   At this time, plaintiff has no such documents in his personal possession.

21. Any written advice, publication, warning, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the products in the possession, custody or control of the plaintiff:

R.21.   Objection.  Work product, over-broad, unduly burdensome and irrelevant. Subject to this objection, appropriate exhibit and witness lists will be provided at the appropriate time.

22.     Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

R.22.   At this time, plaintiff has no such documents in his personal possession.


Dated:        New York, New York
              May 4, 2007

                              LEVY PHILLIPS & KONIGSBERG, L.L.P.



                              _____
                              Carmen Victoria St. George, Esq.
                              *Attorneys for Plaintiffs*
                              800 Third Avenue, 13th Floor
                              New York, NY  10022
                              (212) 605-6200

CHART A
JOBSITE-SPECIFIC EXPOSURE HISTORY

re: Salvatore Gitto

| Name of Employer | Dates of Employ-ment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM Identified con by Such Usi other at J workers |
|---|---|---|---|---|---|---|---|---|
| Textile High School, New York, NY | 6/1950 - 4/1951 | Factory | 6/1950 - 4/1951 | Assembly-man | No known asbestos exposure at this time | No known asbestos exposure at this time | | |

00091790.WPD

CHART A
JOBSITE-SPECIFIC EXPOSURE HISTORY

re: Salvatore Gitto

| Name of Employer | Dates of Employment | Asbestos-Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM¹ Used Personally | Other ACM to Which You Were Exposed² | Other Workers on Jobsite identified by Such Including other supervisor workers | ACM identified comp... Using at Job... | Other |
|---|---|---|---|---|---|---|---|---|---|
| United States Navy | 1951 - 1952 | Brooklyn Navy Yard<br><br>ships:<br><br>USS Hornet<br><br>USS Constellation<br><br>USS Wasp<br><br>USS Bennington<br><br>USS Independence<br><br>NJ Battleship<br><br>USS Saratoga<br><br>USS Vancouver<br><br>USS Ticonderoga | 1951 - 1952 | Apprentice | At this time plaintiff believes he handled and/or worked with various types of asbestos-containing materials.<br><br>At this time plaintiff believes that he handled and/or worked with asbestos contained in and/or covering boilers, pumps, valves, motors, compressors, condensers, turbines, engines, generators, welding rods wand other like equipment.<br><br>Plaintiff cannot presently identify all of the manufacturers of such products but states that he would have handled and/or worked with all such materials manufactured during the periods he was employed and used at his job sites.<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers of such material. | At this time plaintiff believes he was exposed to various types of asbestos-containing materials<br><br>At this time plaintiff believes that he handled and/or worked with asbestos contained in and/or covering boilers, pumps, valves, motors, compressors, condensers, turbines, engines, generators, welding rods wand other like equipment.<br><br>Plaintiff cannot presently identify all of the manufacturers of such products but states that he would have been exposed to all such materials manufactured during the periods he was employed and used at his job sites.<br><br>Plaintiff will further rely upon the testimony of co-workers and other evidence demonstrating the presence of various manufacturers' products at various sites, and other like products. | | | |

CHART A
JOBSITE-SPECIFIC EXPOSURE HISTORY

re: Salvatore Gitto

| Name of Employer | Dates of Employment | Asbestos Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite identified by Such Using other workers | ACM identified by such co... Usi... at... | Oth... |
|---|---|---|---|---|---|---|---|---|---|
| United States Navy Cont'd | | USS Franklin D. Roosevelt | | | Plaintiff recalls the following: | Plaintiff recalls the following: | | | |
| | | USS Lexington | | | **Boilers:** Babcock & Wilcox | **Boilers:** Babcock & Wilcox | | | |
| | | USS Iowa | | | **Turbines:** General Electric, Westinghouse | **Turbines:** General Electric, Westinghouse | | | |
| | | USS Oriskany | | | **Equipment** (motors, valves, cylinders): Vickers (Eaton Hydraulics) | **Equipment** (motors, valves, cylinders): Vickers (Eaton Hydraulics) | | | |
| | | USS Missouri | | | **Compressors:** Carrier Ingersoll-Rand | **Compressors:** Carrier Ingersoll-Rand | | | |
| | | USS Raleigh | | | **Pumps:** Vickers (Eaton Hydraulics), Ingersoll-Rand, Peerless, Worthington | **Pumps:** Vickers (Eaton Hydraulics), Ingersoll-Rand, Peerless, Worthington | | | |
| | | | | | **Reduction Gears:** General Electric, Westinghouse | **Reduction Gears:** General Electric, Westinghouse | | | |
| U.S. Army | 1952 - 1954 | Ft. Sammorson, TX | 1952 - 1954 | Apprentice X-Ray Technician | No known asbestos exposure at this time | No known asbestos exposure at this time | | | |

CHART A

JOBSITE-SPECIFIC EXPOSURE HISTORY

re: Salvatore Gitto

| Name of Employer | Dates of Employment | Asbestos-Related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM¹ Used Personally | Other ACM to Which You Were Exposed² | Other Workers identified on Jobsite by Such other workers including supervisor | ACM identified com... Usi... at J... | Oth... |
|---|---|---|---|---|---|---|---|---|---|
| United States Navy | 1954 - 1965 | Brooklyn Navy Yard | 1954 - 1965 | Mechanic/ Shipbuilding Inspector | See above U.S. Navy | See above U.S. Navy | Marty Cohen | | |
| United States Navy, Grumman, Long Island, NY | 1966 - 1988 | Grumman | 1966 - 1988 | Inspector/ Manager/ Quality Assurance | No known asbestos exposure at this time | No known asbestos exposure at this time | Bill Wubbe | | |
| MTA New York City Transit | 1988 - 1998 | Various field construction sites | 1988 - 1998 | Manager/ Quality Assurance | No known asbestos exposure at this time | No known asbestos exposure at this time | Joe Bonjiorno  Rocky Anacono | | |
| Self Employed SJG Enterprise | 1998 - 2007 | Powerhouses  Subways  Jamaica Yard | 1998 - 2007 | Business Consultant | No known asbestos exposure at this time | No known asbestos exposure at this time | | | |

1.    ACM - Asbestos Containing Materials of Products.

2.    Identify brand and manufacturer names, if known.



# MAIMONIDES MEDICAL CENTER
Department of Pathology
4802 Tenth Avenue
Brooklyn, NY 11219
Tel: 718-283-8257 Fax: 718-283-6655

## SURGICAL PATHOLOGY REPORT

| | | | |
|---|---|---|---|
| Patient Name: | GITTO, SALVATORE | Accession #: | S07-3341 |
| Med. Rec. #: | 3013.1098 | Account #: | 100400310433 |
| DOB/Age: | 11/5/1932 (Age: 74) | Location: | G6W |
| Sex | M | Ordering Dr. | LAZZARO,RICHARD |
| Collection Date/Time: | 3/12/2007 08:55 | Attending Dr. | LAZZARO,RICHARD |
| Received Date/Time: | 3/12/2007 08:55 | Copy To: | KOPEL,SAMUEL |

**Clinical History**
Pleural effusion, exposure to asbestose

**Specimen(s) Received**
1. Soft Tissue Mass, Biopsy
2. Soft Tissue Mass, Biopsy
3. Soft Tissue Tumor, Extensive Resection

## Pathologic Diagnosis
1. SOFT TISSUE, "INTRAMUSCULAR", LEFT CHEST, BIOPSY:
   Malignant epithelioid mesothelioma, see note.
   The tumor measures 2.5 cm in largest dimension, involving fibromuscular tissue.

2. SOFT TISSUE, DESIGNATED "ADHERING TO THE 8TH RIB", BIOPSY:
   Malignant epithelioid mesothelioma.

3. SOFT TISSUE, CHEST WALL, DESIGNATED "INTRAMUSCULAR", EXCISIONAL BIOPSY:
   Malignant epithelioid mesothelioma, 5.5 cm in largest dimension,
   Inked soft tissue resection margin are negative, tumor is 0.1 cm away from the margin.

Note:
Immunohistochemical analysis revealed that the tumor cells are positive for calretinin, AE 1/AE 3, thrombomodulin,and negative for TTF-1. This immuno-profile supports the diagnosis of mesothelioma.

Intradepartmental review.
Discussed with Drs. Kopel and Lazzaro.

dyy/3/15/2007

Pathologist: Yin, Diana Yongmei MD.
This is to certify that the pathologist whose name
appears above, reviewed the gross findings, read the
slides, if any, and rendered the final diagnosis.
***Electronically Signed By***
Yin, Diana Yongmei MD
3/29/2007 12:09

## Intraoperative Consult Diagnosis
1. soft tissue tumor (intramuscular), excision-spindle cell tumor with focal squamous differentiation, favor squamous carcinoma
2. soft tissue tumor adherent to 8th rib excision:spindle cell tumor with focal squamous differentiation, favors squamous carcinoma
frozen section diagnosis rendered by Dr. Huang . on March 12, 2007

CPT Code(s):   1: 88307
               1,2: 88331(2)
               2: 88307

GITTO, SALVATORE                SURGICAL PATHOLOGY REPORT                S07-3341

Gross Description
1. Received fresh designated "Soft Tissue Tumor (Intramuscular)" is a portion of soft tissue measuring 2.5 x 1.5 x 1.0 cm. The margins are inked.  On section is grey tan and firm.  Representative sections are submitted in three cassettes as follows; FA-frozen section, B-C-remaining tissue.

2. Received fresh  designated "Soft Tissue Tumor, Adherent to 8th Rib" is a fragment of tan soft tissue measuring 1 x 0.4 x 0.2cm entire.  Entire specimen is submitted in one cassette as frozen section.

3. Received fresh designated "Chest Wall Tumor (intramuscular)" is a fragment of soft tissue  with fascia and muscle s, measuring 5.5 x 2.0 x 1.0cm. The margins are inked.  On sectioning, it shows a tan, white, nodular and firm tumor mass measuring 4.5 cm in greatest dimension.It is very close to one of the inked margins.  Representative sections are submitted in five cassettes.

pa/3/12/2007                                                    Khanum, Zubaida

Previous Case Number(s):
S05-6558
C06-450

Procedures/Addenda
Immunohistochemistry

                                                        Completed by: Harris Suellen

Results-Comments

## IMMUNOHISTOCHEMISTRY ANALYSIS

| Antibody/Tests | Marker For | Results |
|---|---|---|
| AE-1/AE-3 | Keratins: 40, 48, 50, 52, 54, 56.5, 58, 59, 64, 65, 67 | Positive |
| Ber-EP4 | Epithelial Antigen, Adenocarcinomas. | Negative |
| CALRETININ | Ca-Binding Protein, Mesothelial Cells, Sex Cord Stromal Tumor | Positive |
| MOC-31 | Epithelial Cells, Adenocarcinoma | Focally Positive (Weak) |
| WT-1 | Mesothelial & Mullerian Tumors, DSRCT | Negative |
| CEA(P) | Carcinoembryonic Antigen (Polyclonal), Adenocarcinomas | negative |
| TTF-1 | Thyroid Transcription Factor-1, Lung & Thyroid Carcinomas | Negative |
| DESMIN | Muscle, Desmoplastic Small Round Cell Tumor | Negative |
| P53 | Prostatic basal cells, breast, myoepithelial cells, squamous Carcinoma | Rare cell positive |
| CAM5.2 | Keratin: 39, 43, 48, 50, 50.6 kD | Positive |
| THROMBOMODULIN | Mesothelioma, Mesothelial Cells | Positive |
| CK7 | Keratins: 54 kD, Subst of Carcinomas (OV-TL 12/30) | Positive |
| CK20 | Keratin: 39, 43, 48, 50, 50.6 kD | Negative |
| B72.3 | Simple Epithelial Adenocarcinoma | Negative |

## Immunohistochemistry analysis performed by Genzyme Laboratories

Pathologist;  Yin, Diana Yongmei MD
**Electronically Signed By**
Yin, Diana Yongmei MD
3/29/2007 12:12

GITTO, SALVATORE          SURGICAL PATHOLOGY REPORT                    S07-3341

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                      )ss.:
COUNTY OF NEW YORK  )

      CORRINNE DONALDSON, being duly sworn deposes and says she is an employee of Levy Phillips & Konigsberg, L.L.P., the attorneys for the plaintiffs herein, that she is over the age of eighteen and is not a party to the within action.  That on the 4th day of May, 2007 a copy of Plaintiff's **Answers To Defendant's Fourth Amended Standard Set Of Interrogatories And Request for Production Of Documents** on behalf of **Salvatore Gitto** was caused to be mailed postage prepaid to:

Julie Evans, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, New York 10017
*Attorneys for Defendants A.W. Chesterton, Co., Inc.*

Michael Waller, Esq
KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
One Newark Center, Tenth Floor
Newark, NJ 07102
*Attorneys for Crane Co. and Crane Pumps & Systems, Inc.*

Genevieve MacSteel, Esq.
MCGUIREWOODS
1345 Avenue of the Americas, 7thFloor
New York, New York 10105
*Attorneys for American Standard Inc.*

Peter Lagemus, Esq.
SCHNADER, HARRISON, SEGAL & LEWIS
140 Broadway, Suite 3100
New York, New York 10005
*Attorneys for Dunham-Bush, Inc. n/k/a Fort Kent Holdings, Inc.*

David M. Katzenstein, Esq.
MCGIVNEY & KLUGER, P.C.
80 Broad Street, 23rd Floor
New York, NY 10024
*Attorneys for Aurora Pump Company*

William Mueller, Esq.
CLEMENTE MUELLER & TOBIA, P.A.
P.O. Box 1296
Morristown, New Jersey 07962
*Attorneys for Durabla Manufacturing Co.*

Edward J. Wilbraham Esq./
John S. Howarth, Esq.
WILBRAHAM, LAWLER & BUBA
1818 Market Street
Philadelphia, PA 19103
*Attorneys for Buffalo Pumps, Inc.*

Donald Fay, Esq.
WATERS McPHERSON McNEIL
233 Broadway, Suite 970
New York, NY 10279
*Attorneys for Elliot Turbomachinery Co.*

Frank A. Cecere, Esq.
AHMUTY DEMERS & McMANUS
200 I.U. Willets Road
Albertson, New York 11507
*Attorneys for Carrier Corp.*

John A. Turlik, Esq.
SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
830 Third Avenue, Suite 400
New York, New York 10022
*Attorneys for Fairbanks Morse Pumps*

00092691.WPD

Christopher Hannan, Esq.
KELLEY JASONS MCGOWAN
SPINELLI & HANNA, LLP
120 Wall Street, 30th Floor
New York, NY 10005
*Attorneys for FMC Corporation*

Erich Gleber, Esq.
SEGAL McCAMBRIDGE
SINGER & MAHONEY
830 Third Avenue, Suite 400
New York, NY 10022
*Attorneys for Flowerserve Corporation*

Michael A. Tanenbaum, Esq.
SEDGWICK, DETERT,
MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, NJ 07102
*Attorneys for Foster Wheeler Energy Corp.*

Robert J. Kenney, Esq.
SEGAL McCAMBRIDGE
SINGER&MAHONEY, LTD.
830 Third Avenue, Suite 400
New York, New York 10022
*Attorneys for Gardner Denver*

John A. Turlik, Esq.
SEGAL McCAMBRIDGE
SINGER&MAHONEY, LTD.
830 Third Avenue, Suite 400
New York, New York 10022
*Attorneys for Garlock Sealing Technologies*

Diane Pompei, Esq.
SEDGWICK, DETERT,
MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, NJ 07102
*Attorneys for General Electric Company*

Suzanne Halbardier, Esq.
BARRY McTIERNAN & MOORE
2 Rector Street, 14th Floor
New York, New York 10006
*Attorneys for General Refractories*

John Fanning, Esq.
CULLEN & DYKMAN LLP
177 Montague Street
Brooklyn, New York 11201
*Attorneys for Goulds Pumps Inc.*

Jeff Kluger, Esq./ Joan Gaisor, Esq.
McGIVNEY & KLUGER , P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
*Attorneys for Hercules Chemical Co., Inc.*

Jennifer Darger, Esq.
DARGER & ERRANTE, LLP
116 E.27th Street, 12th Floor
New York, NY 10016
*Attorneys for Hopeman*

John Fanning, Esq.
CULLEN & DYKMAN LLP
177 Montague Street
Brooklyn, New York 11201
*Attorneys for Howden Buffalo, Inc.*

Lawrence G. Cetrulo, Esq./
Christopher A. D. Hunt, Esq.
CETRULO & CAPONE LLP
20 Excchange Place
New York, NY 10005
*Attorneys for Howden Buffalo, Inc.*

Joseph Colao, Esq.
LEADER & BERKON
630 Third Avenue, 17th Floor
New York, New York 10017
*Attorneys for IMO*

Lisa M. Pascarella, Esq.
PEHLIVAN, BRAATEN
& PASCARELLA, L.L.C.
Paytner's Ridge Office Park
2430 Route 34
Manasquan, NJ 08736
*Attorneys for Ingersoll-Rand Company*

Robert C. Malaby, Esq.
MALABY, CARLISLE & BRADLEY, LLC
150 Broadway, Suite 600
New York, New York 10038
*Attorneys for JH France Refractories Co.*

Mark S. Gaffrey, Esq.
HOAGLAND LONGO MORAN
DUNST & DOUKAS
40 Patterson Street
P.O. Box 480
New Brunswick, New Jersey 08903
*Attorneys for Johnston Boilers Co.*

John J. Fanning, Esq.
CULLEN & DYKMAN, LLP
177 Montague Street
Brooklyn, NY 11201
*Attorneys for Leslie Controls, Inc.*

Julie Evans, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, New York 10017
*Attorneys for Murphy Brothers Works*

Timothy J. McHugh, Esq.
LAVIN, O'NEIL, RICCI,
CEDRONE & DISIPIO
420 Lexington Ave, Suite 2900
Graybar Building
New York, NY 10170
*Attorneys for Otis Elevator Co,*

Arthur D. Bromberg, Esq.
WEINER LESNIAK, LLP
629 Parsippany Road
PO Box 0438
Parsippany, NJ 70754-0438
*Attorneys for Peerles Industrie, Inc.*

Stephen A. Manuele, Esq.
FELDMAN KIEFFER & HERMAN, LLP
The Dun Building
110 Pearl Street, Suite 400
Buffalo, New York 14202
*Attorneys for Quaker Chemical Corporation*

Linda Yassky, Esq.
SONNENSCHEIN NATH
& ROSENTHAL LLP
1221 Avenue of the Americas
23rd Floor
New York, New York 10020
*Attorneys for Rapid-American Corp.*

Stephen A. Manuele, Esq.
FELDMAN KIEFFER & HERMAN, LLP
The Dun Building
110 Pearl Street, Suite 400
Buffalo, New York 14202
*Attorneys for Selby Battersby & Company*

Christopher Hannan, Esq.
KELLEY JASONS MCGOWAN
SPINELLI & HANNA, LLP
120 Wall Street, 30th Floor
New York, NY 10005
*Attorneys for Sterling Fluid Systems*

Joan Gaisor, Esq.
McGIVNEY & KLUGER , P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
*Attorneys for TACO, Inc.*

Philip J. O'Rourke, Esq.
McGIVNEY & KLUGER , P.C.
80 Broad Street, Suite 2300
New York, New York 10004
*Attorneys for Tate Andale, Inc.*

Dave Weinberg, Esq.
SEGAL McCAMBRIDGE SINGER &
MAHONEY, LTD.
830 Third Avenue, Suite 400
New York, New York 10022
*Attorneys for The Anchor Packing Co.*

Chuck McGivney, Esq.
McGIVNEY & KLUGER, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
*Attorneys for The Nash Engineering Co.*

Genevieve MacSteel, Esq./
Robert Brooks-Rigolosi, Esq.
MCGUIREWOODS
1345 Avenue of the Americas, 7thFloor
New York, New York 10022
*Attorneys for The Trane Co.*

Rob Tonogbanua, Esq.
DICKIE, MCCAMEY & CHILCOTE, P.C.
Public Ledger Building, Suite 901
150 South Independence Mall West
Philadelphia, PA 19106-3409
*Attorneys for Tyco Flow Control Inc.*

Stephen S. Davie, Esq.
MACKENZIE HUGHES, LLP
101 South Salina Street
P.O. Box 4967
Syracuse, NY 13221-4967
*Attorneys for Tyco Flow Control Inc.*

Judith Yavitz, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
*Attorneys for Union Carbide*

William J. Bradley, III, Esq.
MALABY, CARLISLE & BRADLEY, LLC
150 Broadway, Suite 600
New York, New York 10038
*Attorneys for Viacom, Inc.*

Andrew Sapon, Esq.
BIVONA & COHEN, P.C.
Wall Street Plaza
88 Pine Street
New York, NY 10005-1886
*Attorneys for Vickers Inc.*

Joseph Colao, Esq.
LEADER & BERKON LLP
630 Third Avenue, 17th Floor
New York, New York 10017
*Attorneys for Warren Pumps, Inc.*

Rob Tonogbanua, Esq.
DICKIE, MCCAMEY & CHILCOTE, P.C.
Public Ledger Building, Suite 901
150 South Independence Mall West
Philadelphia, PA 19106-3409
*Attorneys for Yarway Corp.*

Stephen S. Davie, Esq.
MACKENZIE HUGHES, LLP
101 South Salina Street
P.O. Box 4967
Syracuse, NY 13221-4967
*Attorneys for Yarway Corp.*

Counsel Unknown for the following
Defendants:

BLACKMER PUMP
GRISHAM RUSSELL
WALTER H. EAGAN CO., INC.
WEIL PUMP CO.

by depositing a true copy of the same securely enclosed in a post-paid wrapper in the Post Office regularly maintained by the United States Government in said County of New York directed to said attorneys, unless otherwise indicated.

CORRINNE DONALDSON

Sworn to before me this
4th day of May 2007

NOTARY PUBLIC

ELLEN T. PINE
Commissioner of Deeds, City of N.Y.
No. 4-1544
Certificate Filed in New York County
Commission Expires November 1, 2007

Exhibit 2