**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SALVATORE GITTO and PHYLLIS GITTO,

                    Plaintiffs,

                                         Civil Action No. 07 CV 4771 (DC)

        - against -

A.W. CHESTERTON CO., INC., *et al.*,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

 

 

                                    LEVY PHILLIPS & KONIGSBERG, LLP
                                    *Attorneys for Plaintiff*
                                    800 Third Avenue, 13th Floor
                                    New York, NY 10022
                                    (212) 605-6200

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      I.      Vickers Cannot Meet Its Heavy Burden to Establish That It Has
            Satisfied the Stringent Requirements For Federal Officer Removal . . . . . . . . . . 3

          A.     On This Motion To Remand The Burden Lies With
                  Vickers to Support Federal Subject Matter
                  Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          B.     Vickers Cannot Point to a Direct Order of a Naval
                  Officer or Specific Regulation That Caused it to
                  Fail to Warn About Asbestos . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      II.     The Navy Required Manufacturers to Warn About Produce
            Hazards, and There Was No Prohibition Against Asbestos
            Warnings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      III.    The Court Should Strike The Horne, Wardwell and Lehman
            Declarations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## PRELIMINARY STATEMENT

In opposition to Plaintiffs' Motion to Remand, Defendant Eaton Hydraulics Inc. ("Defendant" or "Vickers") asserts that it was prohibited by the Navy from providing any warnings about the hazards of asbestos. However, Vickers offers no evidentiary support for its assertion. Vickers does not present the Court with a government contract prohibiting Vickers from warnings about asbestos. It does not present the Court with a military specification prohibiting asbestos warnings. In fact, it does not present the Court with a single document that substantiates its assertion that the Navy prevented it from warning about the asbestos hazards associated with its products.

Instead, Vickers relies solely on the assertions of three retired Navy officers (Horne, Lehman and Wardwell) ("Defendant's Declarants") whose statements that the Navy "proscribed" asbestos warnings are completely lacking in foundation. Defendant's Declarants fail to point to any direct order or document prohibiting asbestos warnings. And these declarants do not even claim to have personal knowledge of any specific instance in which the Navy prohibited a product manufacturer from warning about any product hazard, much less one as deadly as asbestos.

Vickers' attempt to fool the Court, and federalize a substantial portion of asbestos litigation, is fully exposed by Captain Arnold Moore, USNR (Ret.), P.E. ("Mr. Moore") whose Declaration is submitted in support of this Reply Memorandum. As revealed by Mr. Moore's declaration, not only did the Navy not prohibit warnings about asbestos, but the Navy, in fact, *required* manufacturers of equipment to include safety warnings in technical manuals which were required to be supplied with the equipment to the Navy. Unlike Defendant's Declarants, Mr. Moore substantiates his statements with the actual text of the applicable military specifications in

effect in the 1950s and 1960s. These military specifications repeatedly require equipment manufacturers such as Vickers to warn about hazards associated with their products, with no exception made for any specific hazard including asbestos.

Of course, if Vickers' claim that the Navy prohibited product manufacturers from warning about asbestos were true, proof of such a prohibition could certainly be found in the Navy archives in the form of a military specification, a memorandum or even a letter. But there was never any such prohibition, and therefore Vickers offers no proof – only unsubstantiated assertions – in support of removal.

The law in the Second Circuit is clear: a defendant asserting federal officer removal must prove a *"causal connection"* between the conduct upon which plaintiffs' claims are based (here, failure to warn) and a direct order from a federal officer or specific federal regulations. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation v. Atlantic Richfield Company,* 488 F.3d 112, 124 (2d Cir. 2007)(emphasis added). Vickers has failed to prove that the federal government caused Vickers' failure to warn, and therefore remand is mandatory. *Id.*

## PROCEDURAL BACKGROUND

Plaintiffs Salvatore and Phyllis Gitto[1] filed this case on April 13, 2007 in the Supreme Court of the State of New York, County of New York, based upon the personal injuries suffered by Salvatore Gitto ("Mr. Gitto") due to his exposure to asbestos.[2] Pursuant to the well-

---

[1] Salvatore Gitto died of asbestos related mesothelioma on July 3, 2007. Mrs. Gitto is continuing this lawsuit on behalf of herself and her late husband's estate.

[2] Plaintiffs' Second Amended Complaint, filed on May 30, 2007, limits Plaintiffs' claims arising from asbestos exposure at the Brooklyn Navy Yard to state-law failure to warn as set forth in Standard Complaint No. 1. (Exhibit C to Letter to Court from Jerome H. Block, dated June 13, 2007). Standard Complaint No.1, which is applicable to all NYCAL cases filed by the undersigned law firm, is attached as Exhibit A to the Declaration of Jerome H. Block ("Block Decl."), filed simultaneously herewith.

established procedures of the consolidated New York City Asbestos Litigation ("NYCAL"),

Plaintiffs served answers to written discovery on May 7, 2007.  Subsequently, Mr. Gitto testified

that he was exposed to asbestos from various equipment, including Vickers pumps and valves,

while serving aboard Navy ships at the Brooklyn Navy Yard from 1951 to 1952 and 1954 to

1966.  [Block Decl., Exhibit B, Excerpts from Gitto Deposition May 16, 2007, 269-270; June 7,

2007, 356:11-359:12, 364:10-374:04, 375:13-378:08; Block Decl., Exhibit C, Gitto Deposition

June 7, 2007 (video deposition transcript).]

On June 5, 2007, Vickers filed a Notice of Removal pursuant to 28 U.S.C. § 1442. [3]  On

June 13, 2007, Plaintiffs submitted a pre-motion conference letter ("Letter Motion"), requesting

that the Court accept the letter in lieu of a formal motion to remand and grant expedited

treatment to the application.  On July 6, 2007, Vickers filed a Memorandum In Opposition to

Plaintiffs' Motion to Remand.  Pursuant to an Order of this Court dated July 10, 2007, Plaintiffs

were given until August 3, 2007 to file this Reply Memorandum.

## ARGUMENT

I.    **Vickers Cannot Meet Its Heavy Burden To Establish That It Has Satisfied The
      Stringent Requirements For Federal Officer Removal**

A.    **On This Motion To Remand The Burden Lies With Vickers to
      Support Federal Subject Matter Jurisdiction**

It is well established that where removal to the federal courts is sought under the

mechanism used here, 28 U.S.C. § 1442, it is Vickers, not Plaintiffs, that bears the heavy burden

---

[3]Notwithstanding that nearly all of the defendants in this case are manufacturers of equipment and other asbestos-containing materials sold to the Navy, only Vickers has asserted that there is federal subject matter jurisdiction in this case.  Indeed, no other defendant has joined in Vickers' removal or filed any papers in support of removal. Defendant Northrop Grumman Systems Corp. ("Northrop") had sought and received an extension to file a response to Plaintiffs' Motion to Remand.  Despite receiving an extension, however, Northrop did not file any response to Plaintiffs' Motion.

of showing that federal subject matter jurisdiction exists. *See Syngenta Crop Prto., Inc. v. Henson*, 537 U.S. 28, 32 (2002) ("statutory procedures for removal are to be strictly construed"). All doubts regarding the appropriateness of removal should be resolved in favor of the Plaintiffs. *Somlyo v. J Lu-Rob Enters., Inc.,* 932 F.2d 1043, 1045-46 (2d Cir. 1991).

**B.      Vickers Cannot Point to a Direct Order of a Naval Officer or Specific Regulation That Caused it to Fail to Warn About Asbestos**

The Second Circuit has made clear that a private corporation removing a case under the federal officer removal statute must establish, *inter alia*, that it was "'acting under' a federal officer, which subsumes the existence of a 'causal connection' between the charged conduct and asserted official authority." *In re MTBE Products Liability Litigation,* 488 F.3d at 124. In other words, a private entity seeking to remove on federal officer grounds must prove that "'the acts that form the basis for the state civil or criminal suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations.'" *Id.* (*quoting Ryan v. Dow Chem. Co.*, 781 F.Supp. 934, 946 (E.D.N.Y. 1992)).

In this case, there is no dispute that the "charged conduct" – the "acts that form the basis for the state civil suit" – is solely that Vickers failed to warn about the hazards of asbestos associated with its products to which Mr. Gitto was exposed. The relevant question for this Court is, therefore, whether Vickers can establish a *"causal connection"* between its failure to warn about asbestos and an "officer's direct orders or... comprehensive and detailed regulations". *In Re MTBE Products Liability Litigation*, 488 F.3d at 124 (emphasis added).

Vickers does not – and cannot – cite to any order by a federal officer or any specific regulations that caused it to fail to warn. While Vickers points to Navy regulations that applied generally to Vickers' sale of equipment to the Navy, the Second Circuit has made clear that

neither participation in an industry which falls under the guise of broad federal guidelines, nor where the "acts complained of were performed under the 'general auspices' of a federal officer" is enough to establish a basis for removal. *Id.* (*quoting Ryan* at 947), *see also Bakalis v. Crossland Sav. Bank*, 781 F.Supp. 140, 145 (E.D.N.Y. 1991) (describing the need for some government intervention or control, other than that contemplated by a generally applicable regulatory scheme, as "regulation plus"); *Good*, 914 F.Supp. at 1129 ("removal must be predicated upon a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations").

Vickers has not demonstrated that the Navy did anything that caused Vickers to fail to warn about asbestos. Nor has any evidence been presented that Vickers (or any other company) attempted to warn about asbestos and was prohibited from doing so. Accordingly, this case must be remanded to state court. *Accord, In Re MTBE Products Liability Litigation*, 488 F.3d at 132 (reversing Judge Scheindlin's decision permitting federal officer removal, and concluding that defendants failed to demonstrate that the federal government compelled them to use MTBE in gasoline; or that federal regulatory scheme made it "impossible for them to use other less, polluting additives"); *see also, Hilbert v. Aeroquip, Inc. et al.*, 2007 WL 1186041, *8 (April 12, 2007, D.Mass) (recommending remand of asbestos case where defendant's evidence failed to "rule out the possibility" that defendant could have provided warnings required by state law), *recommendation adopted*, 486 F.Supp.2d 135 (D. Mass. 2007); *Fortier v. Ampco-Pittsburgh Corp. et al.*, 3:07-cv-00005 (D.Conn. 2007), attached to Letter Motion as Exhibit E, at 5) (remanding asbestos case, and concluding that: "Defendants... were free to include warning not dictated by the Navy."); *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F.Supp. 2d 653, 663 (E.D.Tex. 1999) ([t]he federal officer's silence is fatal to the 'causal nexus' necessary for the

second prong); *Vanouwerker v. Owens-Corning Fiberglass Corp.*, 1999 WL 335960, *7

(E.D.Tex. 1999) (remanding asbestos case and finding that "the federal government provided no

direction or control on warnings when using asbestos"); *Nguyen v. Allied Signal, Inc.*, 1998 U.S.

Dist. LEXIS 15517 (N.D.Cal. 1998)(defendants "do not show federal direction of their activities

with regard to warnings attached to asbestos products"); *Ruffin v. Armco Steel Corp.*, 959

F.Supp. 770, 774 (S.D. Tex. 1997) (defendant needed to show that the federal specifications

restricted or prohibited defendant from providing adequate precautions against or otherwise

notifying its employees of the hazards of asbestos exposure); *Feidt v. Owens Corning Fiberglas,

Inc., et al.,* Civil Action No. 96-4349 (Jan. 6, 1997, D. NJ), Letter Opinion of Hon. John W.

Bissell (Block Decl., Exhibit D) (remanding case and finding that: "Nothing in the specifications

or other directions of the Department of the Navy or its officers precluded Westinghouse from

affixing to its turbines, or otherwise supplying to those who would come into contact with them,

adequate warnings of the potential dangers of asbestos"); *Overly v. Raybestos-Manhattan*, 1996

U.S. Dist. LEXIS 13535 (N.D. Cal. 1996) (defendant did not demonstrate that the government

provided "reasonably precise specifications" affecting defendant's provision of warnings).[4]

## II.    The Navy Required Manufacturers to Warn About Product Hazards, and There Was No Prohibition Against Asbestos Warnings

As set forth in the Declaration of Captain Arnold P. Moore, USNR (RET.), P.E. ("Mr.

Moore"), the Navy, at no time, prohibited warnings with regard to hazardous materials such as

asbestos.  In fact, the applicable Navy specifications required Vickers to provide safety warnings

---

[4]Outside of the asbestos context, courts have similarly held that removal under the federal officer statute is not appropriate when the underlying claim is failure to warn.  *See, e.g., Nielson v. George Diamand Vogel Paint Co.*, 892 F.2d 1450 (9th Cir. 1989)("the defendants have never pointed to any mandatory specification in a paint contract that... precludes the inclusion of additional warnings").

to individuals, such as Mr. Gitto, with no exception made for asbestos.[5]

In his Declaration, Mr. Moore attests that, based on his 26 years of experience as a Naval Officer and 27 years of experience as a Naval Architect and Marine Engineer as well as his extensive review of Navy specifications and standards from the 1950s and 1960s, Naval specifications and standards "required equipment manufacturers and other vendors providing equipment to the Navy to provide warnings concerning hazards associated with their products", and the "hazards associated with exposure to asbestos and asbestos containing materials and equipment were not exempted from these requirements." [Declaration of Arnold P. Moore and Exhibits 1 through 16 attached thereto, filed simultaneously herewith ("Moore Decl.") at ¶ 11.]

As detailed by Mr. Moore, from October 20, 1952 through the 1960s, the plain language of the applicable MIL-15071 series of military specifications consistently required manufacturers of equipment to provide warnings in technical manuals regarding hazards associated with the use of their products.   [Moore Declaration ¶¶ 11-18, and Exhibits 2 through 8 attached thereto.] These military specifications required manufacturers to include in technical manuals: "safety notices" regarding product hazards [Moore Decl. ¶¶ 12-13], instructions for "safety devices" necessary to "prevent injury to personnel" [Moore Decl. ¶¶ 12-15]; "precautions" to be followed for installation of equipment [Moore Decl. ¶¶ 13, 15]; "warnings" for "operating procedures, practices... which will result in personal injury or loss of life if not correctly followed" [Moore Decl. ¶¶ 14-18]; "safety precautions" for the operation and installation of equipment [Moore Decl. ¶¶ 14-16]; "precautions" during equipment unpacking and handling [Moore Decl. ¶ 16]; and repair instructions including "cautions or warnings which must be observed to protect

---

[5]Plaintiffs do not bear any burden of showing that Vickers was required, by federal regulations, to provide asbestos warnings.  However, such evidence is offered here to demonstrate that Vickers' claim that it was prohibited from providing asbestos warnings is untrue and lacking in foundation.

personnel and equipment". [Moore Decl. ¶ 16.]

The Navy required equipment manufacturers to supply these technical manuals to the locations where equipment was shipped to insure that workers would have the necessary information. In fact, applicable military specifications required that equipment manufacturers supply two copies of the technical manual with each unit of equipment and that such manuals be distributed throughout the Navy, including two copies to each Naval Shipyard. [Moore Decl. ¶¶ 12-15.] The Navy encouraged personnel to read the equipment safety manuals to protect themselves. [Moore Decl. ¶ 22.]

As Mr. Moore also explains, the Navy expressly declared its intent to "accept the manufacturer's commercial type of manual or one prepared in accordance with his commercial practice whenever it is roughly equivalent to the detail requirements included [in the MIL-15071 specifications]." [Moore Decl. ¶ 15.] As Mr. Moore points out, this statement reflects the United States Government's express intention to "accept commercial practices which are governed by state law." [Moore Decl. ¶ 15.][6]

Defendant's Declarants speculate that the Navy would have prohibited equipment manufacturers from warning about asbestos (if they had attempted to do so) and/or forced such manufacturers to remove any asbestos warnings from technical manuals in the review and

---

[6]Contrary to Vickers' unsupported assertions, the Navy permitted, and expected, manufacturers to comply with state-law warnings as well as those recommended by private industrial standards. The Uniform Labeling Program, Exhibit 9 to the Moore Decl., dated September 24, 1956, documents prevailing Navy requirements that manufacturers provide warnings concerning hazardous materials, including dust hazards such as asbestos. [Moore Decl. ¶ 19.] In this document, the Navy acknowledged that the type of labeling for these hazardous materials may be governed, in part, by "State" law, and further acknowledged that manufacturers may utilize the "Warning Labels Guide" published by the "Manufacturing Chemists Association", a private industrial trade association. The Warning Labels Guide, attached as Exhibit 10 to the Moore Declaration, "indicates that there were recognized industrial guidelines concerning warnings for hazardous materials, including dusts such as asbestos fibers, and the use of safety equipment designed to protect workers from exposure to these hazardous substances." [Moore Decl. ¶ 20.]

approval process.  As Mr. Moore states, there is "simply no basis for this presumption":

> My Exhibits 2 through 18[7] are the military specifications for preparing equipment
> technical manuals from 1952 until 1969. Nowhere in any of these specifications
> does the Navy either direct the use of a specific warning or caution or prohibit the
> use of any specific warning or caution.  Instead the Navy places the requirement
> upon equipment vendors to identify hazards and safety precautions required for
> their equipment and to provide appropriate warnings and cautions for this
> equipment.... There are no regulations or documentation that I have reviewed or
> that have been presented by Horne, Wardwell or Lehman that would suggest that
> the Navy would have prevented any equipment manufacturer from warning about
> asbestos hazards.

[Moore Decl. ¶ 28.]

Not only do Defendant's Declarants fail to cite to any military specifications that would

call for the removal of asbestos warnings from technical manuals submitted by equipment

manufacturers, but they fail to identify a specific instance in which a manufacturer was ever

required to remove *any* safety warning from a technical manual that was submitted to the Navy

for review and approval.  [Moore Decl. ¶ 28 ("I attest that based on my own extensive interface

with Navy officials and employees involved in the review and approval of technical manuals,

drawings and other documents, I have never been asked to remove a hazard or safety warning or

caution.  Nor have Horne, Wardwell or Lehman attested that they were ever asked to do so.").]

## III.    The Court Should Strike The Horne, Wardwell and Lehman Declarations

There is no foundation for statements made by Defendant's Declarants which, in sum or

substance, claim that the Navy prohibited product manufacturers from warning about asbestos

hazards associated with the use of their products.  No document has been identified to support

such statements.  Nor have any of Defendant's Declarants testified to any personal knowledge of

the Navy ever requiring any product manufacturer to remove any warnings (asbestos or

---

[7]Mr. Moore has informed the Court that the reference to "18" is a typo, and should read "8".
(Block Decl., Exhibit E, Correction to Declaration of Arnold P. Moore, USNR (RET.), P.E.).

otherwise) from a technical manual that was submitted to the Navy for review and approval.

As a result, the Declarations of Horne, Wardwell and Lehman should be stricken. *See Hilbert v. Aeroquip, Inc.*, 486 F.Supp.2d 135 (D. Mass. 2007)(adopting report and recommendation of Magistrate granting Motion to Remand and striking affidavit)[8]; *Snowdon v. A.W. Chesterton Co.*, 366 F.Supp. 2d 157, 165 (D. Me. 2005) (unsupported and insufficient affidavit fails to meet defendant's burden for removal); *Westmiller v. IMO Industries, Inc.*, 2005 WL 2850334, *1 (W.D.Wash)(striking statements in affidavit and remanding case removed under federal officer statute).[9]

## CONCLUSION

For the reasons set forth above, and based on the evidence set forth in the Declaration of Arnold P. Moore and the Declaration of Jerome H. Block in Support of Plaintiffs' Motion to Remand, which are filed simultaneously herewith and adopted and incorporated herein, and for the reasons set forth in Plaintiffs' June 13, 2007 Letter to the Court, the Court should grant Plaintiffs' Motion to Remand and grant Plaintiffs all other relief deemed just and proper.

Respectfully submitted,

LEVY PHILLIPS & KONIGSBERG, LLP
*Attorneys for* Plaintiff

By: _____/s/_____
Jerome H. Block [5411]
Erik L. Shawn [1388]
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 605-6200

---

[8]The Magistrate's opinion is cited at page 5. *See supra.*

[9]*Cf.*, Fed. R. Civ. P. 56(e) (affidavits "shall set forth such facts as would be admissible in evidence").