SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X

IN RE NEW YORK CITY                    New York Asbestos
    ASBESTOS LITIGATION            Litigation (NYAL)


------------------------------------X   Index No. 4000

THIS DOCUMENT RELATES TO:               STANDARD
                                        COMPLAINT
ALL CASES                               NO. 1

------------------------------------X

    Plaintiffs, by their lawyers, for their Complaint respectfully allege:


### PARTIES PLAINTIFF

1. Plaintiff was employed in the construction trade and/or at shipyards or in other occupations at various times between approximately the 1930's and the present. During that employment, and at other times and places, plaintiff was exposed to asbestos and dust from defendants' asbestos and asbestos-containing products. Plaintiff worker has contracted asbestos-related diseases and injuries as a result thereof.

2. Plaintiff wife is the lawful wife of the plaintiff worker.

## PARTIES DEFENDANT

3. The defendants mined, processed, manufactured, designed, developed, tested, fashioned, packaged, inspected, sold, distributed, supplied, delivered, installed, and/or applied the asbestos, asbestos products and materials to which plaintiffs were exposed, and were in the business of doing so and injected those materials into the stream of commerce.

4. The plaintiffs at this time have not named as defendants the Manville Corporation, Johns-Manville Corporation, Johns-Manville Sales Corporation, Unarco Industries, Inc., Amatex, Forty-Eight Insulations, Nicolet or Standard Insulations, although the plaintiffs believe that those entities are also responsible for the damages and injuries involved in this action. The omission of those entities as defendants is due solely to the pendency of bankruptcy proceedings, initiated by those companies, which prohibit their being sued and are a bar to jurisdiction being obtained over them in this action at this time. Should it become permissible at some time to commence action against these entities, plaintiffs will seek to amend this Complaint to designate them as defendants.

5. At all relevant times, the defendants did and do business in this State, transacted business in this State, committed one or more tortious acts within this State, and otherwise did or performed acts within or without the State

which subjects them to the jurisdiction of the Courts of the State.

6.   At all relevant times, the defendants' actions and conduct were performed through their duly authorized agents, servants and employees, who were acting in the course and scope of their employment and authority and in furtherance of the business and profit of defendants.

## BACKGROUND

7.   In the course of employment, and at other times and places, plaintiffs were exposed to asbestos and dust from defendants' asbestos-containing products, including, but not limited to insulation, cement, acoustic materials, plaster, textiles and tape.

8.   The inhalation and ingestion of asbestos causes a variety of diseases, including asbestosis, a chronic lung disease which, <u>inter alia</u>, impairs the ability of the lungs to function, for which there is no cure, and which progressively worsens and in its advanced stages can result in death. Inhalation and ingestion of asbestos also increases the risk of developing a number of cancers, including lung cancer, and mesothelioma a virulent and almost always fatal cancer of the lining of the lungs or stomach.

9. Once released into the air, asbestos particles remain airborne, and may travel great distances, or settle down and perhaps again become airborne, until ultimately inhaled or somehow removed, but will not naturally destruct.

10. At all relevant times, the defendants knew or should have known that asbestos was deleterious, carcinogenic and posed a health hazard to consumers, users and others exposed to it.

11. At all relevant times, the defendants knew or should have known that their asbestos products and materials would be purchased and used without inspection for defect, and without knowledge of defect by users and others exposed to them.

12. The asbestos products and materials reached the consumers, users and others exposed to them in a substantially unchanged condition from that in which they left the hands of defendants.

13. The asbestos products and materials were installed, applied and/or used in a manner intended by or reasonably foreseeable to the defendants.

14. The asbestos products and materials to which plaintiffs were exposed were defective, unsafe and/or unreasonably dangerous.

15. At all relevant times, defendants individually and collectively failed and refused to warn or advise plaintiffs and others of the dangerous characteristics of asbestos, and of the health threats or consequences to those coming in contact with, breathing or exposed to asbestos products and materials.

16. At all relevant times, defendants individually and collectively failed to provide proper and adequate warnings and information of dangers and health hazards to persons foreseeably using or coming into contact with asbestos products and materials.

17. At all relevant times, defendants individually and collectively failed to study, investigate, determine, impose or comply with reasonable standards and regulations to protect and promote the health and safety of or minimize the dangers to those exposed to or coming into contact with asbestos products and materials.

18. At all relevant times, defendants individually and collectively failed to fully and properly test and study their asbestos products and materials to fully expose and learn of the hazards associated with those materials.

19. At all relevant times, defendants individually and collectively failed to develop, make available, provide or promote building and construction products and materials

which were free of asbestos or which contained insignificant amounts of asbestos, or design products which minimized or eliminated the release of airborne, inhalable asbestos dust and/or fibers.

20. The defendants individually and collectively made express warranties and representations, incorrectly and untruthfully, that asbestos products were safe and suitable for use.

21. Motivated by a desire for unwarranted economic gain and profit, defendants individually and collectively have willfully and recklessly ignored knowledge, in existence since at least 1929, of the health hazards of asbestos products and materials and have thereby exhibited reckless disregard for the health and well-being of the plaintiffs, and numerous others exposed to their products.

22. As a proximate result of their wrongful exposure to asbestos at the hands of defendants, plaintiffs contracted asbestos related diseases and injuries, including various forms of cancer and asbestosis, all chronic, progressive and permanent injuries. Plaintiffs also sustained pain and suffering, were required to undergo medical treatment and monitoring, suffered severe emotional distress and mental anguish, have and had a significantly increased risk of cancer and other diseases, incurred expenses, and sustained other injury, damages and losses. In the future, upon infor-

mation and belief, plaintiffs' asbestos-related diseases will progress, plaintiffs will suffer additional and worsening pain and suffering, and plaintiffs will require medical care and treatment and medical monitoring, and will sustain other injury, damages and loss.

### A FIRST CLAIM IN NEGLIGENCE

23. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 22, as if fully set forth herein.

24. Acting individually and collectively, defendants willfully, recklessly and negligently failed and refused to warn or advise plaintiffs and others of the dangers and hazards of asbestos products and materials, and the dangers posed to the health and welfare of those coming in contact with, using or exposed to asbestos products and materials.

25. Acting individually and collectively, defendants willfully, recklessly and negligently failed to provide needed, accurate and adequate warnings and information of the health hazards and dangers of asbestos materials to those who would reasonably and foreseeably come into contact with, use, be exposed to or be harmed by those asbestos products and materials.

26. Acting individually and collectively, defendants willfully, recklessly and negligently failed to study, investigate, ascertain, impose or comply with reasonable standards and regulations to protect and promote the health and safety of or minimize the dangers to those using exposed to or coming into contact with the asbestos products and materials.

27. Acting individually and collectively, defendants willfully, recklessly and negligently failed to fully and properly test and study asbestos products and materials to fully expose and learn of the hazards associated with those products and materials.

28. Acting individually and collectively, defendants willfully, recklessly and negligently failed to develop, make available, provide or promote building and construction products and materials which were free of asbestos or which contained insignificant amounts of asbestos, and/or failed to design asbestos products so as to prohibit or minimize the release of airborne, inhalable asbestos dust and/or fibers.

29. Acting individually and collectively, defendants willfully, recklessly and negligently failed to provide instructions of potentially safer methods of handling asbestos products and materials to users or others foreseeably

coming into contact with or exposed to those products and materials.

30. Defendants were otherwise negligent.

31. As a proximate consequence of the acts, omissions, willfulness, recklessness and negligence of the defendants, plaintiffs sustained the injuries and damages set forth above in paragraph 22 and elsewhere.

32. As a result of the foregoing, each plaintiff has been injured in the sum of TEN MILLION ($10,000,000) DOLLARS.

## A SECOND CLAIM IN STRICT PRODUCTS LIABILITY

33. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 22 and 24 through 31, as if fully set forth herein.

34. As a proximate result of the defective, unsafe and unreasonably dangerous condition of the asbestos products and materials, plaintiffs sustained the injuries detailed above in paragraph 22 and elsewhere.

35. Accordingly, defendants are strictly liable to plaintiffs.

36. By reason of the foregoing, each plaintiff was injured in the sum of TEN MILLION ($10,000,000) DOLLARS.

### A THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF WIVES FOR LOSS OF SERVICES, SOCIETY AND CONSORTIUM

37. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 22, 24 through 31 and 34-35, as if fully set forth herein.

38. As a direct and proximate result of the conduct of defendants, the defective, unsafe and unreasonably dangerous condition of the asbestos products and materials, and the injuries to plaintiffs, plaintiff wives were deprived of the services, society and consortium of their husbands.

39. By reason of the foregoing, each plaintiff spouse has been injured in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS.

### A FOURTH CLAIM FOR PUNITIVE DAMAGES

40. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 22, 24 through 31 and 34-35, as if fully set forth herein.

41. Defendants' willful, wanton conduct evinces a total, conscious and/or reckless disregard for the lives and well-being of plaintiffs, as well as for the health, well-being and rights of others who used, were foreseeably exposed to or otherwise came into contact with, asbestos products and materials.

42. As a consequence, an award of punitive damages is required to uphold and vindicate the public welfare.

WHEREFORE, plaintiffs demand judgments against the defendants as follows:

1. TEN MILLION ($10,000,000) DOLLARS in actual compensatory damages for each plaintiff worker, and FIVE HUNDRED THOUSAND ($500,000) DOLLARS for each plaintiff wife;

2. Punitive damages in the sum of TEN MILLION ($10,000,000) DOLLARS for each plaintiff worker;

3. Interest, costs, disbursements, fees and other costs of suit; and

4. Such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       February 1, 1989

LEVY PHILLIPS & KONIGSBERG
Attorneys for Plaintiffs

By: _____
    Stanley J. Levy
A Member of the Firm
.0 Park Avenue
.ew York, New York 10016
212) 972-1480

11.