**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN W. BISSELL
JUDGE

U.S.P.O. & COURTHOUSE
NEWARK, NJ 07102
(201) 645-2517

January 6, 1997



Franklin P. Solomon, Esquire
Tomar, Simonoff, Adourian, O'Brien,
 Kaplan, Jacoby & Graziano
41 South Haddon Avenue
Haddonfield, New Jersey  08033
(Attorneys for Plaintiffs)

Thomas F. Marshall, Esquire
The Washington House
100 High Street, Suite 103
Mt. Holly, New Jersey  08060
(Attorney for Defendant
Westinghouse Electric Corporation)

   Re:  Gerald E. Feidt, Jr. and Arlene Feidt v.
        Owens Corning Fiberglas, Inc., et al.
          Civil Action No. 96-4349
              **LETTER-OPINION**

Dear Counsel:

   The plaintiffs have moved the Court to remand this matter to the Superior Court of New Jersey, Law Division, Camden County, pursuant to 28 U.S.C. § 1447. This action was removed by the defendant Westinghouse Electric Corporation pursuant to 28 U.S.C. § 1442(a)(1) with which we are now well acquainted.[1] The motion

---

[1]  Title 28 U.S.C. § 1442(a)(1) provides:

   (a)  A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the disrict and division embracing the place wherein it is pending:

   (1)  Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office

for remand is based predominantly upon the decision of Judge Reed in _Good v. Armstrong World Industries, Inc._, 914 F. Supp. 1125 (E.D. Pa. 1996), involving the same product, the same defendant, the same "failure to warn" claim and the same federal contractor defense involved in the case at bar.

In _Good_, as here, "Westinghouse has met the _Mesa_ requirement of presenting a colorable claim to a federal defense...." (_Id._ at 1130). In reading the removal statute strictly (as indeed he should), Judge Reed concluded that the affidavits of Westinghouse in the _Good_ case did not adequately assert that this defendant was "acting under" an "officer of the United States," as required by § 1442(a)(1). In _Good_, Westinghouse had presented a mere general assertion that it was acting pursuant to the direction of the Secretary of the Navy, an assertion which Judge Reed found was unsubstantiated by the affidavits before him. (_Id._ at 1129).

Among the affiants before Judge Reed was one James M. Gate. His affidavit in _Good_ is discussed at length in that Opinion. He has, however, presented a different affidavit in the case at bar, undoubtedly influenced by the _Good_ decision. In his present affidavit, Mr. Gate identifies specific naval officers and supervisors who provided direction to Westinghouse in the manufacture of the turbines at issue here. (Gate Aff., ¶¶ 3-6). This Court is satisfied that the current Gate affidavit demonstrates that Westinghouse was "acting under" the direction, control and supervision of several enumerated "officer[s] of the United States." 28 U.S.C. § 1442(a)(1).

The _Good_ court then proceeded to analyze accurately the requirements of the _Mesa_ case to determine whether removal was warranted. _Mesa v. California_, 489 U.S. 121 (1989). Noting that the presentation of a "colorable claim" required by _Mesa_ had been met, Judge Reed further determined that, nevertheless, the _Good_ action was not removable. He did so on two grounds, both of which are applicable in the case at bar.

I.

Judge Reed noted a second element in _Mesa_, that is, "a causal connection between what the officer [or person acting under him] has done under asserted official authority and [the claim presented against him in the litigation under review]." _Mesa_, 489 U.S. at 131 (quoting _Maryland v. Soper, No. 1_, 270 U.S. 9, 33 (1926). Judge Reed then determined (accurately on the record before him) that because neither the contract

---

or on account of any right, title or
authority claimed under any Act of Congress
for the apprehension or punishment of
criminals or the collection of the revenue.

2

specifications nor any other directions by the naval officer required Westinghouse to use asbestos, "Westinghouse has not met its burden to make a causal connection between the state claim and the conduct undertaken pursuant to the direction given by an officer of the federal government." Good, 914 F. Supp. at 1130. Westinghouse has endeavored to counter this analysis by evidence through the revised Gate affidavit, as follows: "I am informed that Plaintiff alleges that Westinghouse supplied the thermal insulation for the turbines aboard the USS Enterprise. Having reviewed the military specifications relative to this ship, I can attest that Westinghouse did not supply the turbine insulation. On the contrary, the Navy provided the insulation to be used with these Westinghouse turbines." (Gate Aff., ¶ 9).

However, Westinghouse still fails to establish the necessary causal connection in the case at bar. A fair reading of the Complaint and the activities of Westinghouse alleged on the record generated before this Court demonstrates that plaintiffs' claims against Westinghouse are predicated solely upon that defendant's failure to warn persons such as the plaintiff Gerald Feidt of the dangers of contact with the asbestos-laden thermal insulation used with the turbines which Westinghouse manufactured. While different claims on different bases are asserted against other defendants, this is the sole potentially viable claim against Westinghouse. Nothing in the specifications or other directions of the Department of Navy or its officers precluded Westinghouse from affixing to its turbines, or otherwise supplying to those who would come in contact with them, adequate warnings of the potential dangers of asbestos. As such, the case at bar differs significantly from the Agent Orange litigation where the Second Circuit noted:

> There also is documentary evidence tending to show that the Government strictly prescribed the markings on Agent Orange barrels, and prohibited all extraneous label information, including warnings.

In re Agent Orange Product Liability Litigation, 996 F.2d 1425, 1436 (2d Cir. 1993). Because it was free to provide warnings regarding the use of its turbines when employed with the specified thermal insulation, without running afoul of any provision of its government contract to manufacture and supply those turbines, Westinghouse has failed to meet its burden of establishing the causal connection required by Mesa and § 1442(a)(1).[2]

---

[2] This Court's analysis might appear to be at odds with the determinations of Judge Irenas in Russek v. Unisys Corp., 921 F. Supp. 1277, 1292-94 (D.N.J. 1996). However, Russek dealt with a motion for summary judgment in a case initiated in this federal

3

## II.

Finally, Judge Reed in the _Good_ Opinion made the following salient observations regarding the rationale supporting the provisions of 28 U.S.C. § 1442(a)(1):

> The Supreme Court fashioned the government contract defense to displace state law because there exists a unique federal interest in civil liability arising out of the performance of federal procurement

---

court. _Russek_ involved no consideration of the removal statute. Secondly, _Russek_ acknowledged that several federal court decisions involving failure to warn of the dangers of asbestos "require that the specifications at issue affirmatively prohibit warnings before a manufacturer may invoke the government contractor defense." (_Id._ at 1292 and cases therein cited). While disagreeing with that analysis in the case before him, Judge Irenas made the following significant observation in footnote 8 of his Opinion:

> The Court also notes that all three cases cited above involved failure to warn of the dangers resulting from asbestos exposure. While a distinction between asbestos and other products may be dubious, the Court notes that other jurisdictions have distinguished failure to warn cases on this basis. For instance, the New Jersey Supreme Court, in a case involving asbestos manufacturers, originally concluded that the "state-of-the-art" defense did not apply in strict liability failure to warn claim. _Beshada v. Johns-Manville Prod. Corp._, 90 N.J. 191, 447 A.2d 539 (1982). The court later reversed itself and limited _Beshada_ to asbestos cases. _Feldman v. Lederle Lab._, 97 N.J. 429, 479 A.2d 374 (1984).

(_Id._ at 1293, n.8). _See also In re Asbestos Litigation_, 628 F. Supp. 774 (D.N.J. 1986), aff'd 829 F.2d 1233 (3d Cir. 1987), in which this Court acknowledged the _Beshada_/_Feldman_ dichotomy and upheld it against an equal protection attack. While the undersigned takes very seriously the goal of consistency among decisions of this Court dealing with similar issues, it does not feel constrained by _Russek_ in analyzing the removability of the case at bar.

4

contracts. Boyle,[3] 487 U.S. at 506, 108 S. Ct. at 2515. I question whether that federal interest exists in this case. The impact of this personal injury action on the federal interest in protecting future defense procurement -- the fundamental point of the government contract defense -- is speculative. It is common knowledge that asbestos is no longer used in the design and manufacture of equipment, so that this lawsuit cannot interfere with a federal program involving products that contain asbestos. Therefore, the adjudication of this personal injury action in state court does not threaten the enforcement of a federal policy sufficient to warrant removal.

Even assuming that the federal interest underlying the government contractor defense is present, simply noting the presence of a federal interest does not provide a sufficient or necessary basis to allow removal. "It is the concern for state court bias against the federal government that is the ultimate justification for ... removal." Ryan,[4] 781 F. Supp. at 951. When enacting the federal officer removal statute, Congress sought to distinguish lawsuits on the basis of their susceptibility to state court manipulation. The government contractor defense is not subject to such manipulation. Unlike a federal officer's defense of immunity, the government contract defense by a corporation raises straightforward common law issues that state courts are as adept at handling as the federal judiciary. Ryan, 781 F. Supp. at 951.

Good v. Armstrong World Industries, Inc., 914 F. Supp. 1125, 1131 (E.D. Pa. 1996). This Court agrees with and invokes that analysis in the case before it.

The Court does not believe that the Third Circuit's recent decision in Carley v. Wheeled Coach, 991 F.2d 1117 (3d Cir. 1993), requires this Court to retain the present action. Carley,

---

[3] Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

[4] Ryan v. Dow Chemical Co., 781 F. Supp. 934 (E.D.N.Y. 1992).

like Russek, did not involve the removal statute. Secondly, the Court in Carley acknowledged the same rationale underlying the government contractor defense which Judge Reed addressed at the conclusion of his Opinion in Good. (See Carley, 991 F.2d at 1120).

The Court has no reason to believe that the Third Circuit would not also agree with Judge Reed's assessment that such policy considerations are inapplicable to asbestos cases such as Good and the present matter. In fact, the Court finds support for its reasoning in the Third Circuit case of Lovell Manufacturing v. Export-Import Bank, 843 F.2d 725, 734 n.13 (3d Cir. 1988). Though the court in Lovell did not ultimately have to rule on the propriety of the defendant's removal attempt under § 1442(a)(1), it noted that a mere agency-principal relationship would doubtfully support federal subject matter jurisdiction for purposes of removal, emphasizing that removal based on the government contractor defense seemed unnecessary in the absence of the need to protect any federal interest underlying the defense.

Additionally, the Court notes that remanding this action is in accordance with the United States Supreme Court's recent decision in International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 85-86 (1991). There, the Supreme Court found that the federal officer removal statute did not apply to removal attempts by federal agencies and remanded the case to state court. Though the issue which made removal improper there is different from the one involved in the case at bar, the rationale underlying both decisions to remand is the same. In International Primate, the Supreme Court expressly stated that the § 1442(a)(1) removal statute was designed to resolve the complications involved in the adjudication of cases where federal officers assert immunity defenses and to protect the interests of federal officers enumerated in Willingham v. Morgan, 395 U.S. 402, 406-407 (1969). See 500 U.S. at 85-86. The Supreme Court distinguished Willingham from the case before it, reasoning that the invocation of federal officer removal in Willingham reflected concern for the two factors underlying Congress' enactment of § 1442(a)(1): state interference with the implementation of federal policy and state court manipulation of federal law. As was the case in International Primate, neither of these two concerns faces the Court here.

## CONCLUSION

For the reasons set forth above, this Court determines that the plaintiffs' motion to remand this matter to the Superior Court of New Jersey, Law Division, Camden County, must be granted; however, the Court also believes that the provisions of 28 U.S.C. § 1292(b) have been met in this matter. Review of this interlocutory decision by the Court of Appeals would not only

afford to this litigation a decision at that level as to whether the present case should proceed in state or federal court, but could also provide guidance as to whether similar actions pending in the courts of the several states in this Circuit may be removed to federal court on the grounds asserted by Westinghouse in the case at bar. Accordingly, this Court has entered an Order, a copy of which is enclosed, providing that the motion to remand is granted, but the remand of this action to state court will be stayed and the issue as to whether this action was subject to removal by Westinghouse under § 1442(a)(1) is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Furthermore, also under the provisions of the latter statute, the Court's Order also provides that the present action is stayed in all respects until such time as either the time for an interlocutory appeal runs without such an appeal being sought; the United States Court of Appeals for the Third Circuit declines to accept an appeal under § 1292(b); or, if it does accept such an appeal, until a decision thereon is rendered by that Court. The Order also provides that the general stay of these proceedings may be vacated or modified, upon good cause shown, even if that stay has not yet been terminated by the foregoing events regarding appellate review.

Plaintiff's counsel is also requested to serve copies of this Opinion and Order upon all other counsel of record.

Very truly yours,

JOHN W. BISSELL
United States District Judge

Orig. to Clerk, U.S. District Court
     Newark, New Jersey

7

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GERALD W. FEIDT, JR. and          :
ARLENE FEIDT,
                                  :
         Plaintiffs,
                                  :     Civil Action No. 96-4349
     v.
                                  :     O R D E R
OWENS CORNING FIBERGLAS, INC.,
et al.,                           :

         Defendants.              :


   This Court has today issued an Opinion determining that this action was not removable by the defendant Westinghouse Electric Corporation ("Westinghouse"), under 28 U.S.C. § 1442(a)(1). The Court, however, is also "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from [that Opinion and the present] order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Furthermore, a ruling from the Court of Appeals could provide guidance in numerous present and future cases involving injuries allegedly incurred from working with asbestos contained in goods supplied pursuant to U.S. Government contracts. Finally, because the essence of this Court's decision is that it lacks removal jurisdiction in this matter, the Court will stay all proceedings herein pending the Third Circuit's action on any interlocutory appeal that might be sought from the within Order on the material question: Was the present action removable by

the defendant Westinghouse pursuant to 28 U.S.C. § 1442(a)(1)?

Now therefore, for the reasons stated above and in the Court's contemporaneous Opinion, it is on this 6th day of January, 1997, **ORDERED** that:

(1.) Plaintiffs' motion be and the same hereby is granted and this action is hereby remanded to the Superior Court of New Jersey, Law Division, Camden County; and

(2.) Pursuant to 28 U.S.C. § 1292(b), the Court hereby determines and certifies that an interlocutory appeal from this Order and the accompanying Opinion is warranted; and

(3.) The remand of this action directed in paragraph (1.) above, as well as all other proceedings in this matter except those necessary to pursue such an interlocutory appeal, be and they hereby are stayed until

(a.) ten days elapse from and after the entry of this order without any party making an application to the United States Court of Appeals for the Third Circuit to entertain an interlocutory appeal pursuant to 28 U.S.C. § 1292(b); or

(b.) the Court of Appeals denies any such application for an appeal; or

(c.) the Court of Appeals adjudicates any such interlocutory appeal which it has agreed to consider; or

(d.) good cause is otherwise shown for the vacation or modification of the stay of these proceedings.

_____
JOHN W. BISSELL
United States District Judge